UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TRINITY LUTHERAN CHURCH OF COLUMBIA, INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. _____ |
| SARA PARKER PAULEY, in her official capacity as Director of the Missouri Department of Natural Resources Solid Waste Management Program, | ) ) ) ) ) ) |
| Defendant. | ) ) |

**VERIFIED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF**

COMES NOW the Plaintiff, by counsel and pursuant to the Federal Rules of Civil Procedure, and for its causes of action against Defendant, alleges and states the following:

**I.
INTRODUCTION**

1. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violation of its civil rights. TRINITY LUTHERAN CHURCH OF COLUMBIA, INC., ("Church") runs a learning center called the Trinity Lutheran Church Child Learning Center ("Learning Center"). Through the Learning Center, the Church sought a grant from the Missouri Department of Natural Resources Solid Waste Management Program ("Department") to participate in the 2012 Playground Scrap Tire Surface Material Grant Program ("Scrap Tire Program"). Although the Learning Center's application scored fifth out of forty-four applications, it was denied participation in the Scrap Tire Program solely because the Learning Center is a part of a church. Prohibiting the Learning Center from participating in the Scrap Tire Program because it is a part

of a church violates Plaintiff's rights to equal protection, free exercise of religion and free speech under the First and Fourteenth Amendments to the United States Constitution, the First Amendment's Establishment Clause and the Missouri Constitution Article 1, § 7.

2. The Church desires to participate in the Scrap Tire Program in the future without discrimination. It seeks declaratory and injunctive relief to redress irreparable harm to its civil rights.

## II.
## JURISDICTION AND VENUE

3. This action raises federal questions under the United States Constitution, particularly the First and Fourteenth Amendments, and questions of state law under the Missouri Constitution Article 1, § 7.

4. This Court has original jurisdiction over the federal claims by operation of 28 U.S.C. §§ 1331 and 1343 and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear claims under the State Constitution.

5. This Court has authority to grant the requested injunctive relief under 28 U.S.C. § 1343(3); declaratory relief under 28 U.S.C. § 2201(a) and attorneys' fees under 42 U.S.C. § 1988(b).

6. Venue is proper in this Court under 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims occurred in this District.

## III.
## IDENTIFICATION OF PLAINTIFF

7. Plaintiff TRINITY LUTHERAN CHURCH OF COLUMBIA, INC. is a non-profit corporation that runs the Learning Center. The Learning Center was incorporated in 1980 as a

Case 2:13-cv-04022-NKL   Document 1   Filed 01/25/13   Page 2 of 17

non-profit charitable corporation in Missouri, and then merged with Trinity Lutheran Church in 1985.

## IV.
## IDENTIFICATION OF DEFENDANT

8. Defendant SARA PARKER PAULEY is the Director of the Missouri Department of Natural Resources Solid Waste Management Program, and is sued only in her official capacity. The Director oversees the Scrap Tire Program and has authority to implement the requested injunctive relief sought in this matter. *See* V.A.M.S. Const. Art. 4, § 47.

## V.
## STATEMENT OF FACTS

9. The Church, through the Learning Center, runs a pre-school at 2201 West Rollins Road, in Columbia, Missouri.

10. The Learning Center was established as a not-for-profit organization in 1980 with the mission of providing quality pre-school education and day care for families in the Boone County, Missouri and surrounding areas.

11. In 1985, the Learning Center merged with Trinity Lutheran Church, and remains in this status.

12. The Learning Center is licensed by the Missouri Department of Health and Senior Services, Bureau of Child Care Safety and Licensing and is in the process of gaining accreditation as an early childhood education program.

13. Enrollment at the Learning Center averages 90 children ages two to kindergarten. The Learning Center is open year round and services working families and parents attending school throughout the City of Columbia, Boone County, and other adjacent counties.

14. The Learning Center is a ministry of the Church and incorporates daily religion and developmentally appropriate activities into a school and optional daycare program.

15. Through the Learning Center, the Church teaches a Christian world view to children of members of the Church, as well as children of non-member residents of Boone County and the surrounding area.

16. The Learning Center provides a safe, clean, and attractive school facility in conjunction with an educational program structured to allow a child to grow spiritually, physically, socially, and cognitively.

17. The Church has a sincere religious belief to be associated with the Learning Center and to use it to teach the Gospel to children of its members, as well to bring the Gospel message to non-members.

18. The enrollment policy of the Learning Center is to provide equal opportunity for students. The Learning Center admits students of any sex, race, color, religion, national and ethnic origin to all the rights, privileges, programs, and activities generally accorded or made available to students at the Learning Center.

19. The Learning Center provides a playground for its students. But the surface of the playground consisted of pea gravel and grass.

20. The Learning Center sought to improve the safety of the surface area of the playground by participating in the Scrap Tire Program.

21. The Scrap Tire Program, run by the Department, provides grants to qualifying organizations to use recycled tires for playgrounds.

22. This program not only allows grant recipients to provide safe surfacing for

Page 4

Case 2:13-cv-04022-NKL    Document 1    Filed 01/25/13    Page 4 of 17

playgrounds, but encourages the use of re-cycled tires, thus reducing the landfills and benefiting the environment.

23. Nonprofit day care centers and other nonprofit entities are eligible to submit grant applications.

24. The Church, through the Learning Center, sought to participate in the 2012 Scrap Tire Program to remove and replace the large portion of the pea gravel surfacing on its playgrounds with a recycled pour-in-place rubberized product.

25. But the Department has a policy that prohibits organizations from participating in the Scrap Tire Program if the applicant is owned or controlled by a church, sect, or denomination of religions, if the grant would directly aid any church, sect or denomination of religion, if the applicant's mission is not secular in nature, or if the grant would not be used for secular purposes. *See* Scrap Tire Program grant application, attached to the complaint as Exhibit A.

26. Phil Glenn, a representative of the Church, contacted Kim Tschirgi, a planner for the Department, concerning this prohibition. Ms. Tschirgi informed Mr. Glenn that the Department did not refuse applications from any organizations.

27. Ms. Tschirgi clarified that if the organization scored high enough on the application to otherwise qualify for a grant, the application might have to be forwarded to the Department's legal office for review to determine eligibility.

28. The Church, through the Learning Center, then applied for a grant from the Department through its 2012 Scrap Tire Program. The grant is attached to the Complaint as Exhibit B.

29. The grant applications for the 2012 Scrap Tire Program were graded by the

Department.

30. The applications are graded because there is a limited amount of money to disburse through the grant. By grading the applications, the Department ensures that the organizations that will best serve the purposes of the grant will receive the grant.

31. The Church's grant application received 640 total points, and ranked fifth out of 44 applications.

32. According to the Department, fourteen grant projects were funded in 2012. *See* Exhibit C, attached to the complaint (May 23, 2012 email from Kim Tschirgi, Planner for the Solid Waste management Program to Mr. Glenn). The Department denied the Church's grant.

33. In a letter from Chris Nagel, the Director of the Solid Waste Management Program, dated May 21, 2012, the Department stated,

> Thank you for the time and effort you have taken to respond to the Missouri Department of Natural Resource's recent offering of financial assistance through the 2012 Playground Scrap Tire Surface Material Grants. The department appreciates your candor in explaining how the former "Trinity Lutheran Child Learning Center" was merged into the surviving corporation "Trinity Lutheran Church of Columbia, Missouri, Inc." back in the 1980s. However, after further review of applicable constitutional limitations, the department is unable to provide this financial assistance directly to the church as contemplated by the grant application. Please note that Article I, Section 7 of the Missouri Constitution specifically provides that "no money shall ever be taken from the public treasury, directly or indirectly, in aid of any church, sect or denomination of religion…"

*See* Exhibit D attached to the complaint (May 21, 2012 letter from Chris Nagel to Gail Schuster, Director of the Trinity Lutheran Church Child Learning Center).

34. Article 1, Section 7 of the Missouri Constitution states,

> That no money shall ever be taken from the public treasury, directly or indirectly, in aid of any church, sect or denomination of religion, or in aid of any priest, preacher, minister or teacher thereof, as such; and that no preference shall be given to nor any discrimination made against any church, sect or creed of religion,

or any form of religious faith or worship.

*See* V.A.M.S. Const. Art. 1, § 7 ("Missouri's Blaine Amendment").

35. The sole reason the Church's grant was denied was because it was a church.

36. The Church desires to participate in future grants from the Missouri Department of Natural Resources, including future Scrap Tire Programs.

37. The Learning Center has additional playgrounds on its facilities that are in need of safer surfacing.

38. Through the Learning Center, the Church desires to apply for future grants from the Scrap Tire Programs to be able to acquire re-cycled tires to resurface its playgrounds.

39. Due to the Department's actions and policies described above, including its unconstitutional application of the Missouri Blaine Amendment in denying the Plaintiff's grant application, the Learning Center cannot receive future grants.

## VI.
## STATEMENT OF LAW

40. Each and all of the acts herein alleged of the Department, its officers, agents, servants, employees, or persons acting at its behest or direction, were done and are continuing to be done under the color of state law, including the statutes, regulations, customs, policies, and usages of the State of Missouri.

41. Defendant prohibited Plaintiff from receiving a grant because the Learning Center is connected to a church, pursuant to the Department's customs, policies and practices, including its unconstitutional application of Missouri's Blaine Amendment.

42. Defendant's decision to deny Plaintiff access to the Scrap Tire Program is a direct result of the policies, practices, customs, and usages officially adopted and promulgated by

Department.

43. As a direct result of the Defendant's violation of Plaintiff's constitutional rights, as alleged below, Plaintiff is unable to participate in a government program without violating its religious beliefs and practices, resulting in irreparable harm for which there is no adequate remedy at law.

44. Defendant is treating Plaintiff differently than other grant applicants because it is a church.

45. Plaintiff's religious exercise is fully protected by the United States Constitution.

46. Plaintiff's right to be treated similarly to non-religious grant applicants is fully protected by the United States Constitution.

47. Prohibiting Plaintiff from participating in the Scrap Tire Program because it is a church is a violation of the First Amendment and Fourteenth Amendment to the United States Constitution.

48. Unless and until the Defendant's exclusion of the Plaintiff from the Scrap Tire Program is enjoined, the Plaintiff will suffer and continue to suffer irreparable harm to its constitutional rights.

49. Providing grant monies to Plaintiff for the purpose of purchasing recycled tires for a playground does not impermissibly aid any church, sect or denomination of religion in violation of Missouri's Blaine Amendment.

50. Prohibiting Plaintiff from participating in the Tire Scrap Program because it is a church violates the Blaine Amendment as it discriminates against the Plaintiff because it is a church.

**VII.**

# FIRST CAUSE OF ACTION: VIOLATION OF THE RIGHT TO EQUAL PROTECTION UNDER THE UNITED STATES CONSTITUTION

51. The allegations contained in paragraphs 1-50 are incorporated herein by reference.

52. Defendant has allowed other similarly-situated non-profit organizations to participate in the Scrap Tire Program, including other learning centers and day care organizations such as Jefferson City Day Care Center, Inc.

53. The Equal Protection Clause requires that the government treat equally all persons similarly situated.

54. Defendant denied Plaintiff access to the Scrap Tire Program solely because the Learning Center is connected with a church.

55. Religion is a suspect class.

56. In order for the Department to treat Plaintiff dissimilarly with other like organizations, it must have a compelling reason and such treatment must be the least restrictive means of achieving that interest.

57. Defendant does not have a compelling governmental interest to justify such disparate treatment of Plaintiff.

58. Excluding Plaintiff from the Scrap Tire Program is not narrowly tailored to achieve a compelling governmental interest.

59. Excluding Plaintiff from the Scrap Tire Program because the Learning Center is connected to a church is not rationally related to a legitimate governmental interest.

60. Defendant's actions in unconstitutionally enforcing the Missouri Blaine Amendment by denying Plaintiff's grant application targets religion for disparate treatment as

compared to secular applicants.

61. Defendant's actions and policies violate the Equal Protection Clause of the Fourteenth Amendment.

WHEREFORE, Plaintiff respectfully prays that the Court grant the relief set forth in the prayer for relief.

## VIII.
## SECOND CAUSE OF ACTION:
## VIOLATION OF THE RIGHT TO FREE EXERCISE OF RELIGION UNDER THE UNITED STATES CONSTITUTION

62. The allegations contained in paragraphs 1-50 are incorporated herein by reference.

63. The Church has a sincere religious belief to teach a Christian worldview to children through the Learning Center.

64. The Department's policies and actions require the Church to abandon its religious beliefs and practices in order to participate in the Scrap Tire Program.

65. Requiring the Church to choose between participating in a government program or forfeiting its religious beliefs and practices is a violation of the Free Exercise Clause of the United States Constitution.

66. Requiring the Church to choose between participating in a government program or forfeiting its religious beliefs and practices places a substantial burden on Plaintiff's religious exercise.

67. Defendant's actions in unconstitutionally enforcing the Missouri Blaine Amendment by denying Plaintiff's grant application because it is a church targets religious exercise.

68. The Department's policies and actions as described above are not neutral, nor

generally applicable.

69. The Department's policies and actions as described above target religion for disparate treatment.

70. The Department's policies and actions do not serve a compelling governmental interest and are not narrowly tailored to achieve a valid governmental interest.

WHEREFORE, Plaintiff respectfully prays that the Court grant the relief set forth in the prayer for relief.

## IX.
## THIRD CAUSE OF ACTION:
## VIOLATION OF THE ESTABLISHMENT CLAUSE UNDER THE UNITED STATES CONSTITUTION

71. The allegations contained in paragraphs 1-50 are incorporated herein by reference.

72. The Department's policies and actions that prohibit organizations from participating in the Scrap Tire Program that are "owned or controlled by a church, sect, or denomination of religions" and where such grant would "directly aid any church, sect or denomination of religion" are hostile to religion.

73. The Defendant's actions in enforcing the Department's policies, including its unconstitutional application of the Missouri Blaine Amendment, to deny Plaintiff's grant application was hostile to religion.

74. The Defendant's actions in enforcing the Department's policies, including its unconstitutional application of the Missouri Blaine Amendment, to deny Plaintiff's grant application did not serve a valid secular purpose.

75. The Defendant's actions in enforcing the Department's policies, including its

unconstitutional application of the Missouri Blaine Amendment, to deny Plaintiff's grant application has the primary effect of hostility to religion.

76.     The Defendant's actions in enforcing the Department's policies, including its unconstitutional application of the Missouri Blaine Amendment, to deny Plaintiff's grant application excessively entangles the Department with religion as it has to determine what is religious enough to justify denial of a grant.

77.     The Department's policies and actions in enforcing the Department's policies, including its unconstitutional application of the Missouri Blaine Amendment, to deny Plaintiff's grant application target religion for disparate treatment.

78.     The Department's policies and actions, and the Defendant's enforcement of those policies, violate the Establishment Clause of the United States Constitution.

WHEREFORE, Plaintiff respectfully prays that the Court grant the relief set forth in the prayer for relief.

**FOURTH CAUSE OF ACTION:**
**VIOLATION OF THE FREE SPECCH CLAUSE UNDER THE UNITED STATES CONSTITUTION**

79.     The allegations contained in paragraphs 1-50 are incorporated herein by reference.

80.     The Church engages in speech and expressive activity by teaching a Christian worldview to children through the Learning Center.

81.     The Church's speech is fully protected by the First Amendment to the United States Constitution.

82.     The Department's policies and actions in prohibiting Plaintiff from participating in the Scrap Tire Program because it is a church restricts Plaintiff's speech based on its religious

viewpoint and content.

83. The Department's policies and actions in prohibiting Plaintiff from participating in the Scrap Tire Program because it is a church singles out religious expression for discriminatory and unfavorable treatment.

84. The Department's policies and actions in prohibiting Plaintiff from participating in the Scrap Tire Program because it is a church restrains constitutionally-protected speech in advance of its expression.

85. The Department's policies and actions in prohibiting Plaintiff from participating in the Scrap Tire Program because it is a church chills the Plaintiff's speech.

86. The Department's policies and actions in prohibiting Plaintiff from participating in the Scrap Tire Program because it is a church grants unfettered discretion to the Department officials in applying Missouri's Blaine Amendment. For example, Department officials have unfettered discretion to determine what type of grant to a church impermissibly aids the church.

87. The Department's policies and actions in prohibiting Plaintiff from participating in the Scrap Tire Program because it is a church burdens religious expression like that of Plaintiff's.

88. The Department has no compelling reason that would justify their restrictions on speech.

89. The Department has no rational basis that would justify their restrictions on speech.

90. The Department's policies and actions are not narrowly tailored to achieve any permissible governmental interest.

WHEREFORE, Plaintiff respectfully prays that the Court grant the relief set forth in the prayer for relief.

## FIFTH CAUSE OF ACTION:
## VIOLATION OF THE MISSOURI BLAINE AMENDMENT, V.A.M.S., ART. 1, § 7.

91. The allegations contained in paragraphs 1-50 are incorporated herein by reference.

92. Missouri's Blaine Amendment states that "no preference shall be given to nor any discrimination made against any church, sect or creed of religion, or any form of religious faith or worship." *See* V.A.M.S. Art. 1, § 7.

93. The Department's policies and actions in prohibiting Plaintiff from participating in the Scrap Tire Program because it is a church discriminates against Plaintiff because it is a church, in violation of Missouri's Blaine Amendment.

94. Providing grant monies to Plaintiff for the purpose of purchasing recycled tires for a playground does not impermissibly aid any church, sect or denomination of religion.

95. Prohibiting Plaintiff from participating in the Tire Scrap Program because it is a church violates the Blaine Amendment as it discriminates against the Plaintiff because it is a church.

WHEREFORE, Plaintiff respectfully prays that the Court grant the relief set forth in the prayer for relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court:

A. Enter a Declaratory Judgment stating that the Department's failure to approve the Church's 2012 Scrap Tire Application and its policies and actions in denying grants to applicants

who are churches or connected to churches violate the Equal Protection, Free Exercise, Free Speech, and Establishment Clauses of the First and Fourteenth Amendments to the United States Constitution, as well as the Missouri Constitution, Article 1, § 7;

B. Enter a preliminary and permanent injunction enjoining the Defendant, her agents, servants, employees, officials or any other person acting in concert with her or on her behalf, from discriminating against the Church on future grant applications based upon the connection between the Church and the Learning Center, including applying the Blaine Amendment against the Church to deny it a grant for recycled tires because it is a church;

C. Declare that the Missouri Blaine Amendment was unconstitutional as applied to deny Plaintiff's 2012 grant application;

D. Award Plaintiff's costs and expenses of this action, including a reasonable attorneys' fee award, in accordance with 42 U.S.C. § 1988, and other applicable state and federal law;

E. Grant such other and further relief as the Court deems equitable, just, and proper;

F. Adjudge, decree, and declare the rights and other legal relations of the parties to the subject matter here in controversy, in order that such declarations shall have the force and effect of final judgment; and

G. Retain jurisdiction of this matter for the purpose of enforcing the Court's orders.

Respectfully submitted this 25th day of January, 2013.


/s/ Joel L. Oster
Joel L. Oster
Missouri Bar # 50513
joster@alliancedefendingfreedom.org
Erik W. Stanley*
Kansas Bar # 24326
estanley@alliancedefendingfreedom.org
ALLIANCE DEFENDING FREEDOM
15192 Rosewood Street
Leawood, Kansas 66224
(913) 685-8000
(913) 685-8001 fax

Michael K. Whitehead
Missouri Bar # 24997
THE WHITEHEAD LAW FIRM, LLC
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
(816) 876-2600
(916) 221-8763 fax
mike@thewhiteheadfirm.org

ATTORNEYS FOR PLAINTIFF

*Pro hac vice to be submitted*

## VERIFICATION OF COMPLAINT

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint and the factual allegations thereof and that to the best of my knowledge the facts alleged therein are true and correct.

Executed this 24th day of January, 2013.

/s/ Mike Walz
Mike Walz, President


/s/ Deborah K. Antel
Deborah K. Antel, Secretary