IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| TRINITY LUTHERAN CHURCH | ) | |
| OF COLUMBIA, INC. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 13-4022-CV-C-MJW |
| | ) | |
| SARA PARKER PAULEY, | ) | |
| in her official capacity as | ) | |
| Director of the MO Department of | ) | |
| Natural Resoures | ) | |
| | ) | |
| Defendant. | ) | |

**Defendant's Motion to Dismiss and Suggestions in Support**

Defendant Pauley moves that the Court dismiss plaintiff's complaint under Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim for which relief can be granted because Missouri's constitutional prohibition against using public funds in aid of any church, sect or denomination of religion does not violate the federal Equal Protection Clause, the Free Exercise Clause, the Establishment Clause, the Free Speech Clause, or the Missouri Constitution, art. I, § 7.

**Suggestions in Support**

Standard of Review

In deciding a motion to dismiss for failure to state a claim, the district court accepts the complainant's allegations as true. *Hishon v. King &*

*Spalding*, 467 US 69, 73 (1984).  All reasonable inferences in the complaint must be drawn in favor of the nonmoving party.  *Hafley v. Lohman*, 90 F3d 264, 266 (8th Cir. 1996).  Dismissal is not appropriate unless the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *McCormack v. Citibank, NA,* 979 F2d 643, 646 (8th Cir. 1992).

I.  Plaintiff Has Not Stated a Federal Constitutional Violation

Plaintiff is a church that operates a pre-school.  (Compl., ¶ 9.) Plaintiff incorporates religious activities and teaches a Christian world view to pre-school attendees.  (Compl., ¶ 14 and 15.) Plaintiff alleges that defendant is treating plaintiff differently than other grant applicants because it is a church (Compl., ¶ 44), and that defendant denied plaintiff"s grant request solely because the pre-school is connected with a church (Compl., ¶ 54). Even if true, plaintiff has not stated a claim demonstrating a violation of any of the federal constitutional provisions that plaintiff cited in its first four causes of action.

A. Missouri's Art. I, § 7 is Presumptively Constitutional

Because Missouri, in Article I, § 7 does not discriminate against or favor one church over another, it is not presumptively unconstitutional.  In *Locke v. Davey*, the United States Supreme Court considered Washington State's constitution prohibiting the appropriation of public money for "any religious worship, exercise or instruction…." *Locke v. Davey*, 540 US 712, 719

2

(2004) (quoting the Washington Constitution, Art. I, § 11.) The Court determined that because the state's prohibition did not impose criminal or civil sanctions on any type of religious service or right, because it did not deny ministers the right to participate in the political affairs of the community, and because it did not require students to choose between their religious beliefs and receiving a government benefit, the prohibition was not unconstitutional. *Locke*, 540 US at 720-721.

Missouri's prohibition against the use of public funds for religious purposes is similar to Washington's. It does not impose any sanction on a religious service or right, nor does it deny plaintiff's ministers to participate in the political affairs of the community. The prohibition does not require plaintiff to curtail or restrain its religious beliefs. Missouri's Art. I, § 7 is constitutional.

B. <u>Missouri's Compelling Interest</u>

Missouri's insistence on a high degree of separation of church and state - arguably higher than that required in the First Amendment – is a compelling state interest. *Luetkemeyer v. Kaufmann*, 364 FSupp 376, 386 (US Dist Court, WD, 1973). This is a subject within Missouri's constitutional power and is an "interest of the highest order." *Id.* (quoting *Wisconsin v. Yoder*, 406 US 205 (1972)). This interest satisfies any possible infringement of the First Amendment or any other prohibition of the United States

3

Constitution. *Id*. This interest is scarcely novel and there are few areas in which a state's anti-establishment interests come more into play. *Locke*, 540 US at 722. Defendant has not violated the United States Constitution.

    C. <u>Missouri's Prohibition is Narrowly Tailored</u>

Missouri's Art. I, §7 is not hostile to religion or to this particular plaintiff. As the complaint notes, plaintiff's facility holds a license issued by the Missouri Department of Health and Senior Services and is in the process of gaining accreditation as an early childhood education program. (Compl., ¶ 12). Defendant's scrap tire program does not affect the plaintiff's license or accreditation. Defendant's scrap tire program does not impose restrictions on the curriculum chosen by plaintiff, plaintiff's hiring practices or plaintiff's admission requirements for students. The only effect Missouri's prohibition has on this defendant is to limit defendant's access to public funds for the use of improving its playground. This is very similar to the prohibition approved in *Locke*, in which Washington did not interfere with defendant's religious school accreditation, defendant was not thwarted in carrying out its evangelical Christian mission without interference, and Washington did not prevent the defendant's students from taking devotional courses. *Locke*, 540 US at 724. Missouri's interest in prohibiting the use of public funds for religious purposes is very narrowly tailored and is exactly the sort of prohibition approved in *Locke*.

4

D. No Disparate Treatment

Plaintiff does not allege that Missouri has provided scrap tire grant money to any other church. Where Missouri by the very terms of its constitution treats plaintiff the same as other churches, there is no equal Protection violation.

The Equal Protection Clause generally requires the government to treat similarly situated people alike. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). Dissimilar treatment of dissimilarly situated persons does not violate equal protection. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 21 F.3d 237, 242 (8th Cir. 1994). Because Missouri's constitution prohibits the dispersement of public funds to any church, no church receives preferential treatment. *See Aziz v. Groose*, 74 F.3d 1243 (8th Cir. 1996) (summary judgment properly granted against prisoner's equal protection claim, because restrictions on religious practice applied to followers of all religions). Plaintiff's' equal protection claim fails because plaintiff is treated no differently from any other church.

II. Defendant Cannot Give Grant Money to Plaintiff

For plaintiff's fifth cause of action, plaintiff alleges that defendant has discriminated against plaintiff because plaintiff is a church, an alleged violation of art. I, § 7 of the Missouri Constitution. (Compl., ¶ 92 and 93.) This is not so, because defendant has demonstrated no preference for nor

5

discrimination against plaintiff as compared to other churches.

Article I, section 7 of the Missouri Constitution provides:

> That no money shall ever be taken from the public treasury, directly or indirectly, in aid of any church, sect or denomination of religion, or in aid of any priest, preacher, minister or teacher thereof, as such; and that no preference shall be given to nor any discrimination made against any church, sect or creed of religion, or any form of religious faith or worship.

In its fifth cause of action, plaintiff cites only the second part of this section. (Compl., ¶ 92.) Plaintiff then claims that it is not impermissible for defendant to provide grant money to plaintiff. (Compl., ¶ 94.) This ignores the first part of section 7, which unambiguously prohibits the use of public money to aid any church. To interpret the second part of section 7 to allow public money to be used for the aid of plaintiff would be to set up a direct conflict between the two parts of section 7, in violation of one of the very basic rules of statutory construction. It is a basic rule of construction that a statute or constitutional provision should be construed to make all its parts harmonize. *Goldberg v. State*, 282 Ga. 542, 546-547 (2007) (*cert denied* 554 US 905 (2008)). Courts are required to give due regard to the primary objectives of constitutional provisions, as viewed in harmony with all related provisions. *Neske v. City of St. Louis*, 218 SW3d 417, 421 (Mo. banc 2007). Section 7 must not be interpreted to mean that it prohibits the use of public

funds for churches, but then in the very next breath say that public funds may be used for churches.

## Conclusion

For the foregoing reasons, the Court should dismiss the complaint because the plaintiff has failed to state a violation of either the United States or Missouri constitutions.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General


*/s/ James Layton*
JAMES R. LAYTON
Solicitor General
Mo. Bar. No. 45631

*/s/ Don Willoh*
DON WILLOH
Assistant Attorney General
Mo. Bar. No. 44331

*/s/ Jeremy Knee*
JEREMY KNEE
Assistant Attorney General
Missouri Bar No. 64644
P.O. Box 899
Jefferson City, MO 65102
Phone (573) 751-8795
Fax (573) 751-8796
E-mail: don.willoh@ago.mo.gov

*Attorneys for Defendant*

# **CERTIFICATE OF SERVICE**

I hereby certify on this 19th day of February, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Joel L. Oster
Erik W. Stanley
Alliance Defending Freedom
15192 Rosewood
Leawood, Kansas 66224

Michael K. Whitehead
The Whitehead Law Firm, LLC
1100 Main Street, Suite 2600
Kansas City, Missouri 64105

/s/ *Jeremy Knee*
Jeremy Knee
Assistant Attorney General