IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TRINITY LUTHERAN CHURCH OF COLUMBIA, INC. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 2:13-cv-04022-NKL<br>) |
| SARA PARKER PAULEY, in her official Capacity as Director of the Missouri Department of Natural Resources Solid Waste Management Program, | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

**MOTION FOR RECONSIDERATION
REQUESTING LEAVE TO AMEND COMPLAINT**

Pursuant to Rules 15(a), 59(e), and 60(b) of the Federal Rules of Civil Procedure, Plaintiff Trinity Lutheran Church ("Trinity") respectfully requests that this Court reconsider its Order dismissing this case with prejudice, reopen the case, and grant Trinity leave to amend its complaint. As grounds for this motion, Plaintiff states:

1. On September 26, 2013, this Court entered an Order dismissing Trinity's complaint with prejudice for failure to state a claim under Rule 12(b)(6).

2. To avoid a Rule 12(b)(6) motion to dismiss, the Federal Rules only require that a complaint include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The plausibility of a complaint turns on whether the facts alleged allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

1

3. Trinity pled ample facts for the Court to infer that the State deprived Trinity of its constitutional rights by denying it participation in the scrap tire program solely because it is a church.

4. But rather than considering the legal sufficiency of Trinity's complaint, the Court exceeded the scope of a 12(b)(6) analysis and reached the legal merits of the case.

5. This is a manifest error of law because the "issue on a motion to dismiss is *not* whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim." *Krakowski v. Am. Airlines, Inc.,* 927 F. Supp. 2d 769, 772 (E.D. Mo. 2013) (citing *Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir.1995)).

6. In addition to erroneously deciding the legal arguments presented, rather than whether a claim has been pled, the Court moved beyond the scope of a 12(b)(6) analysis and determined that Trinity failed to state a claim because of insufficient evidence that the state has no compelling interest in discriminating against churches.

7. The Court stated: "Trinity's counsel also sought discovery about whether the State consistently applies with Article 7, but *Trinity has failed to identify evidence that might support its claim*, nor has it shown that a state could ever forfeit its interest in complying with its own laws." Order, pg. 13 (emphasis added).

8. Analyzing the sufficiency of the evidence rather than the sufficiency of the pleading on a Rule 12(b)(6) motion is a manifest error of law.

9. Trinity therefore requests that this Court alter the judgment and reinstate Trinity's complaint.

10. Moreover, Trinity requests permission to amend its complaint to include a list of prior grant recipients that includes at least fifteen religious organizations, including churches.

2

11. The State disclosed during discovery that other religious entities have been recipients of the scrap tire grant.

12. After further investigation, Trinity obtained a document entitled "Prior Recipients of Scrap Tire Surface Material" that lists not just one or two religious organizations, but at least fifteen religious organizations – including several churches – that have been recipients of these scrap tires. These recipients include:

> First Christian Church Daycare
> Christian Chapel Academy
> Heartland Tabernacle, First Baptist Church of Belton
> St. Joseph School
> St. Joseph School PTO
> First Baptist Church
> St. Stanislaus School
> Grace Child Care Corner
> New Covenant Academy
> Tri-County Christian School
> St. Patrick's School
> St. Therese Church of the Diocese of Kansas City
> First Christian Church dba Noah's Ark Children Center
> St. Peter's School
> Torah Prep, Division of Torah Center Midwest, Inc.

*See* Attachment 1, Exhibit B "Prior Recipients of Scrap Tire Surface Material."

13. Each one of these organizations is overtly religious, as is evidenced from their websites. *See* Attachment 1, Exhibit C "Prior Recipients of Scrap Tire Surface Material Websites."

14. This evidence means that Defendant does not have a compelling governmental interest to prohibit organizations controlled by a church to participate in the scrap tire program. Defendant cannot claim a compelling governmental interest when its policies permit the funding of religious organizations on at least fifteen different occasions.

15. Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

16. "All circuits acknowledge that post-judgment leave to amend may be granted if timely requested." *U.S. ex rel. Roop v. Hypoguard USA, Inc.,* 559 F.3d 818, 823 (8th Cir. 2009).

17. The fact that other religious schools and churches have received scrap tire grants from the State of Missouri drastically undercuts any purported interest the State may assert in refusing scrap tires to Trinity solely because it is a church.

18. Thus, Trinity respectfully requests that this Court grant this Motion for Reconsideration and permit it to amend its complaint with this newly discovered evidence.

Respectfully submitted, this 23rd day of October, 2013.

s/ Joel L. Oster_____
Joel L. Oster
Missouri Bar # 50513
Joster@alliancedefendingfreedom.org
Erik W. Stanley*
Kansas Bar # 24326
Estanley@alliancedefendingfreedom.org
ALLIANCE DEFENDING FREEDOM
15192 Rosewood
Leawood, Kansas 66224
(913) 685-8000
(913) 685-8001

Michael K. Whitehead
Missouri Bar # 24997
THE WHITEHEAD LAW FIRM, LLC
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
(816) 876-2600
(916) 221-8763 fax
mike@thewhiteheadfirm.org

ATTORNEYS FOR PLAINTIFF

*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVCE**

I hereby certify that on this 23rd day of October, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to:

Jeremy Knee
Don Willoh
Missouri Attorney General's office
PO Box 899
Jefferson City, MO 65102

                                                  s/ Joel L. Oster
                                                  JOEL L. OSTER

6

Case 2:13-cv-04022-NKL   Document 36   Filed 10/23/13   Page 6 of 6