IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| TRINITY LUTHERAN CHURCH<br>OF COLUMBIA, INC.<br><br>      Plaintiffs,<br><br>      v.<br><br>SARA PARKER PAULEY,<br>in her official capacity as<br>Director of the MO Department of<br>Natural Resources<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:13-CV-4022-NKL |

**Defendant's Suggestions in Opposition to**
**Plaintiff's Motion for Reconsideration**

Defendant Pauley opposes Plaintiff's Motion for Reconsideration Requesting Leave to Amend Complaint. The Court did not commit any manifest error of law.

I.    The State is Prohibited from Giving Public Money to Churches

The Court correctly interpreted Missouri Constitution, Art. I, Sec. 7, when the Court concluded that it is not possible to read Section 7 to prohibit public aid to a church while concurrently considering denial of that aid to be discriminatory. (Order, page 4). The Missouri Constitution prohibits the Department of Natural Resources from giving a scrap tire grant to Trinity Lutheran. Missouri's insistence on a high degree of separation of church and

state is a compelling state interest. *Luetkemeyer v. Kaufmann*, 364 FSupp 376, 386 (US Dist Court, WD, 1973). This is a subject within Missouri's constitutional power and is an "interest of the highest order." *Id.* (quoting *Wisconsin v. Yoder*, 406 US 205 (1972)). Plaintiff claims that it properly pled that Missouri lacked a compelling state interest in discriminating against churches. (Plaintiff's Suggestions, page 3). This is a flawed legal argument that the Court correctly decided in Defendant's favor based on Plaintiff's complaint, in which Plaintiff acknowledged that the church operates the pre-school and incorporates a Christian world view into the curriculum. (Compl., ¶ 9, 14 and 15.) There is no manifest error in the Court's Order.

II.     Disposition of This Case by Dismissal Is Appropriate

The Court correctly concluded that Plaintiff, even assuming all allegations in the complaint were true, failed to make a prima facie case that Defendant violated the US or Missouri Constitutions. Plaintiff alleged that it is a church in control of a pre-school (Compl., ¶ 9) and that it applied for a grant administered by the Department's Scrap Tire Program (Compl., ¶ 1, 21). The Court concluded that, as a legal matter, Missouri's Constitution prohibits Missouri public money from going to aid a church. (Order, page 12.). This is the very essence of a failure to state a claim under FRCP 12(b).

Plaintiff now alleges that the Department gave grants to other churches, and that this is evidence that the "state's alleged compelling

interest is severely undercut." (Plaintiff's Suggestions, page 5). Even if these allegations were true, Plaintiff has not shown that a state could ever forfeit its interest in complying with its own laws, as the Court noted on page 13 of the Order.

III. <u>The Request to Amend the Complaint Should Be Denied Because the New Allegations Do Not Change the Outcome</u>

In its proposed amended complaint, Plaintiff requests the same relief, that the Defendant be enjoined from discriminating against Plaintiff on future grant applications based on Missouri's "Blaine Amendment." (Exhibit A, paragraph B). In its amended Equal Protection claim, Plaintiff does not allege that the Department should not have issued grants to other churches. Instead, Plaintiff claims that Defendant's denial of the Church's grant application "targets *religion* for disparate treatment as compared to other secular and religious applicants." (Exhibit A, paragraph 62, emphasis added). Plaintiff proposed amended complaint is no different from the dismissed complaint, in that Plaintiff still seeks a ruling that Missouri Art. I, Section 7 should not be applied to Plaintiff, even though it is a church.

## Conclusion

For the foregoing reasons, the Court should overrule Plaintiff's Motion for Reconsideration Requesting Leave to Amend Complaint.

3
Case 2:13-cv-04022-NKL   Document 37   Filed 11/12/13   Page 3 of 4

Respectfully submitted,

**CHRIS KOSTER**
Attorney General


*/s/ Don Willoh*
DON WILLOH
Assistant Attorney General
Mo. Bar. No. 44331
Phone (573) 751-8795
Fax (573) 751-8796
E-mail: don.willoh@ago.mo.gov

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify on this 12th day of November, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Joel L. Oster
Erik W. Stanley
Alliance Defending Freedom
15192 Rosewood
Leawood, Kansas 66224

Michael K. Whitehead
The Whitehead Law Firm, LLC
1100 Main Street, Suite 2600
Kansas City, Missouri 64105


/s/ *Don Willoh*
Don Willoh
Assistant Attorney General