# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| TRINITY LUTHERAN CHURCH OF COLUMBIA, INC., | ) ) ) |
| Plaintiff, | ) ) No. 2:13-CV-04022-NKL |
| v. | ) ) ) |
| SARA PARKER PAULEY, in her official capacity as Director of the Missouri Department of Natural Resources Solid Waste Management Program, | ) ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Plaintiff Trinity Lutheran Church of Columbia, Inc. ("Trinity) has filed a motion to reconsider and for leave to file an amended complaint. [Doc. # 36]. For the reasons set forth below, Trinity's motion is DENIED.

### I.  Background

This case concerns the denial of Trinity's application for a grant under the Missouri Department of Natural Resources Solid Waste Management Program's Scrap Tire Program, which competitively awards grants to qualifying organizations for the purchase of recycled tires to resurface playgrounds. On September 26, 2013, the Court dismissed each of the five counts in Trinity's Complaint for failing to state a claim. A more thorough account of the relevant factual background is set forth in the Court's prior order. *See* [Doc. # 34 at 1-2].

1

Trinity now moves to reconsider this decision and for leave to file an amended complaint that asserts new factual allegations. With respect to the latter request, Trinity seeks to add an allegation that other religious organizations have been awarded tire scrap grants in the past. Trinity's proposed amended complaint asserts claims under the Equal Protection Clause of the Fourteenth Amendment, the Free Exercise, Establishment and Free Speech Clauses of the First Amendment, and Article I, Section 7 of the Missouri Constitution.

## II. Discussion

### A. Motion to Reconsider

Reconsideration is warranted only to correct "manifest errors of law or fact or . . . [to] present[] newly discovered evidence after a final judgment." *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013) (quotation omitted). In this case, Trinity argues that reconsideration is appropriate because the Court committed a manifest error of law by reaching the legal merits of Trinity's claims. [Doc. # 36 at 2]. In particular, Trinity argues that it was improper for the Court to reject, on a motion to dismiss, its "*quid pro quo* theory of aid" as well as its "argument that the state's funding of St. Louis University, a Catholic Jesuit University, undercut the state's alleged compelling interest." [Doc. # 36-1 at 4]. In addition, Trinity argues that the Court erred by evaluating the sufficiency of the evidence and thereby exceeded the appropriate standard of review on a motion to dismiss for failure to state a claim.

Trinity's arguments are unpersuasive, however, because the dismissal was based entirely on the deficiencies in the legal theories on which Trinity relied. A key purpose
2

of a motion to dismiss for failure to state a claim is to "eliminate those actions 'which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.' " *Wilson v. Duckett Truck Ctr.*, No. 1:12-CV-85 SNLJ, 2013 WL 384717, at *1 (E.D. Mo. Jan. 31, 2013) (quoting *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). In other words, where a claim depends upon a legal theory that is not cognizable, and therefore cannot entitle the plaintiff to relief, it is subject to dismissal. *See, e.g.*, *Christopher & Banks Corp. v. Dillard's, Inc.*, 805 F. Supp. 2d 693, 695 (S.D. Iowa 2011) ("[A] complaint may be dismissed as a matter of law if it lacks a cognizable legal theory . . . ." (quotation omitted)); *Harvey v. CitiMortgage, Inc.*, No. 4:10CV551 TIA, 2011 WL 1226973, at *3 (E.D. Mo. Mar. 29, 2011) ("[T]he undersigned finds that the vapor theory is not a valid legal basis to recovery, and dismisses the claims based upon such theory."); *Allen v. Jussila*, No. 08CV6366(JNE/JSM), 2010 WL 759870, at *2 (D. Minn. Mar. 2, 2010) ("To state an actionable claim for relief, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to some legal redress against the named defendants under some established legal theory.").

In this case, the Court found that Trinity's *quid pro quo* theory for defining "aid," as that term is used in Article I, Section 7 of the Missouri Constitution, was premised entirely on a misrepresentation of the Missouri Supreme Court's decision in *Americans United v. Rogers*, 538 S.W.2d 711 (Mo. 1976) (en banc). [Doc. # 34 at 6]. Yet, this was the only authority cited by Trinity in support of its position and the Court's own research revealed no decision, state or federal, that recognized or adopted Trinity's proposal.

3

Based on this complete lack of authority, the inherent problems in Trinity's anomalous proposal for defining aid, and the Missouri Supreme Court's historically strict interpretation of Section 7, the Court declined to accept Trinity's unprecedented premise. [Doc. # 34 at 6-13]. Accordingly, to the extent that Trinity's claim under Section 7 rested on its *quid pro quo* theory, this claim was properly dismissed due to Trinity's failure to provide any legal support for its position and the weight of authority to the contrary. Furthermore, absent the adoption of Trinity's definition of aid, Trinity's claim under Section 7 failed as a matter of law because it was contrary to fundamental principles of constitutional interpretation. [Doc. # 34 at 12-13].

In addition, the Court did not, as Trinity suggests, make a factual finding that Missouri had a compelling interest in excluding Trinity from the scrap tire program. Rather, the Court concluded that Trinity had failed to identify any cognizable legal theory that would require Missouri to make such a showing in order to justify its decision to exclude a religious preschool and daycare from the tire scrap grant program. Specifically, the Court held that, under *Locke v. Davey*, 540 U.S. 712 (2004), and in light of the overwhelming consensus among the lower courts that have addressed the issue, Trinity's claim that this exclusion violated the Free Exercise Clause failed as a matter of law. [Doc. # 34 at 15-29]. In turn, this undermined Trinity's Equal Protection claim because, under *Locke*, absent a Free Exercise violation, only rational-basis review applied to this claim. [Doc. # 34 at 30]; *see also Locke*, 540 U.S. at 720 n.3. Accepting as true all of the allegations in Trinity's Complaint, it was clear that the decision to deny Trinity's grant application withstood this standard of review. *See* [Doc. # 34 at 30-31].

4

Case 2:13-cv-04022-NKL   Document 39-1   Filed 01/07/14   Page 4 of 7

The Court then concluded that Trinity had not identified any valid legal theory that might entitle it to relief under either the Establishment or Free Speech Clauses of the First Amendment. [Doc. # 34 at 31-34]. In sum, contrary to Trinity's claim, the Court did not find that Trinity would not succeed on the merits. Rather, the Court concluded that Trinity could not succeed on the merits, regardless of what evidence might be adduced through discovery, because its legal theories either did not exist or were contrary to established law.

Trinity's continued reliance on *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520 (1993), and *St. Louis Univ. v. Masonic Temple Ass'n of St. Louis*, 220 S.W.3d 721 (Mo. 2007) does not justify reconsideration. With respect to the former, the Court found that *Church of the Lukumi* was wholly inapplicable to the facts of this case, for the same reasons articulated by the Supreme Court in *Locke*. *See* [Doc. # 34 at 14-15, 17]; *see also Locke*, 540 U.S. at 720. Regarding *St. Louis University*, the Court discussed at length the numerous factual circumstances that rendered that case distinguishable from the present one. *See* [Doc. # 34 at 9-12]. This did not, as Trinity contends, amount to an evaluation of the evidence, but rather a legal conclusion regarding the relevance of this opinion to the <u>allegations</u> in Trinity's Complaint. The Court further found that Trinity had misrepresented the holding in *St. Louis University*, [Doc. # 34 at 9], and ultimately concluded that this case did not support Trinity's position, [Doc. # 34 at 10-11]. Yet, Trinity continues to read between the lines of that opinion in an effort to craft a rule the Missouri Supreme Court simply did not adopt. Trinity merely rehashes

5

arguments already raised and for the reasons set forth in the prior order, there is nothing in *St. Louis University* that suggests additional discovery is necessary in this case.

Finally, Trinity takes out of context the Court's statement that "Trinity has failed to identify any evidence that might support its claim." [Doc. # 34 at 13]. The issue here was not whether Trinity had actually presented evidence to support its claims, but rather the fact that Trinity had failed to identify any evidence that, even in theory, might be revealed through discovery and would give rise to an actionable claim. At oral argument, Trinity could not identify what sort of evidence it hoped to discover and, more importantly, was unable to connect this evidence to any established legal theory that would entitle it to relief.

### B. Leave to File an Amended Complaint

Trinity also seeks leave to file an amended complaint to add the additional factual allegation that Missouri has previously awarded tire scrap grants to religious organizations. Trinity does not, however, provide any explanation as to why it waited until after the Court dismissed this action to present this new allegation. In fact, Trinity states that Missouri "disclosed during discovery" that this had occurred, [Doc. # 36 at 3], which suggests that Trinity knew of this information before the case was dismissed, but nonetheless waited until after the adverse decision to attempt to add this claim. After a final judgment has been entered, "interests of finality dictate that leave to amend should be less freely available." *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir. 2009). Consequently, leave to amend may be denied where the plaintiff fails "to provide any valid reason for failing to amend" prior to the adverse judgment. *Id.* at 823-

6

24 (quoting *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 550-51 (8th Cir. 1997)). Accordingly, Trinity's failure to provide any explanation for not amending its Complaint prior to the dismissal of this action counsels against permitting the post-dismissal amendment.

Furthermore, the proposed amendment is futile. "Futility is a valid basis for denying leave to amend." *Id.* at 822. Trinity argues that this new allegation is necessary because it undermines Missouri's purported compelling interest in denying Trinity's grant application. As discussed above and in greater detail in the prior order, however, Trinity has failed to identify any valid legal theory under which Missouri would need to show the existence of a compelling interest in order to justify the decision not to award a grant to Trinity. Accordingly, even with this additional allegation, Trinity's Complaint would be subject to dismissal for failing to state a claim.

## III. Conclusion

For the foregoing reasons, Trinity's motion to reconsider and for leave to file an amended complaint, [Doc. # 36], is DENIED.

/s Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: January 7, 2014
Jefferson City, Missouri

7

Case 2:13-cv-04022-NKL   Document 39-1   Filed 01/07/14   Page 7 of 7