UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TRINITY LUTHERAN CHURCH OF COLUMBIA, INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 2:13-cv-4022-NKL |
| CAROL S. COMER, in her official capacity as Director of the Missouri Department of Natural Resources Solid Waste Management Program | ) ) ) ) ) ) |
| Defendant. | ) ) |

## PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

Plaintiff Trinity Lutheran Church of Columbia, Inc., by and through its undersigned counsel, pursuant to 42 U.S.C. § 1988, Fed. R. Civ. P. 54(d), and Local Rule 54.1, respectfully requests this Court issue an award of attorney's fees and costs against Defendant. In support of its motion, Plaintiff states as follows:

1. Plaintiff filed this lawsuit seeking declaratory judgment, injunctive relief, and attorney's fees for claims arising out of Defendant's denial of a playground resurfacing grant to Plaintiff.

2. On June 26, 2017, the United States Supreme Court held that Defendant's denial of Plaintiff's application for the playground resurfacing grant solely because it is a church, and for which it was otherwise qualified, violates the Free Exercise Clause of the First Amendment. *See Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012 (2017).

1

3. The case has since been remanded to this Court, and the parties entered into a Stipulation for Settlement and Release of Claims, agreeing that "Plaintiff is the prevailing party in this litigation and agree[ing] to submit the determination of the reasonableness and amount of Plaintiff's attorneys' fees and costs" to this Court. (Doc. No. 55).

4. In support of this Motion for Attorney's Fees and Costs, Plaintiff relies upon:

   a. The supporting suggestions included with this Motion;

   b. Summary statements of requested attorney fees (Ex. 1);

   c. A task-based itemized list of Alliance Defending Freedom (ADF) attorney time and fees (Ex. 2);

   d. The declarations of Plaintiff's ADF counsel attesting to their qualifications and the time they each incurred in this matter (Exs. 3–11);

   e. The declarations of Plaintiff's local counsel, Michael Whitehead and Jonathan Whitehead, attesting to their qualifications and the time they each incurred in this matter, along with their itemized time entries and costs (Exs. 12–13);

   f. The declaration of Philip Glenn attesting to Plaintiff's inability to secure counsel in Columbia, MO, with the experience, expertise, and record of excellent results in First Amendment litigation comparable to that of Plaintiff's counsel (Ex. 14);

   g. The declaration of Paul Clement, a respected and accomplished Supreme Court practitioner, attesting to the reasonableness of Plaintiff's counsels' time and billing rates in this case (Ex. 15);

   h. The declaration of Jefferson City, MO, attorney Charles Hatfield attesting to the reasonableness of the time incurred by Plaintiff's counsel in this matter, as

well as the reasonableness of their requested hourly billing rate for litigating before the U.S. District Court for the Western District of Missouri and the Eighth Circuit Court of Appeals (Ex. 16);

i. The declarations of Atlanta-area attorneys Wayne Bond and George Weaver attesting to the reasonableness of Plaintiff's counsels' requested hourly billing rate for the Atlanta market and the reasonableness of their time incurred in this matter (Exs. 17–18);

j. The list of Plaintiff's counsels' non-taxable costs (Ex. 19); and

k. The receipts relating to the non-taxable costs (Ex. 20).

5. Four ADF attorneys—David Cortman, Erik Stanley, Rory Gray, and Joel Oster— had primary responsibility for this litigation. Mr. Oster was primarily responsible for litigating the case before this Court and the U.S. Court of Appeals for the Eighth Circuit. Messrs. Cortman, Stanley, and Gray were primarily responsible for litigating this case before the U.S. Supreme Court. Other attorneys and support staff served in a supportive capacity. All have exercised billing judgment and reduced their requested hours to avoid duplicative time, excessive time, and other factors. *See* Ex. 1 (providing charts with summaries of the billing); Ex. 2 (providing line-item detail).

6. After billing judgment, a total of 1,693.94 hours are requested for the time spent litigating this case before this Court, the U.S. Court of Appeals for the Eighth Circuit, and the Supreme Court of the United States, worth $794,966.05 in attorney's fees. *See* Ex. 1 at 2–4.

7. An additional 83.10 hours are requested for the time spent preparing this fee petition and entering into and preparing the parties' stipulation for settlement, for a total of $35,949.00 in additional attorney's fees. *See* Ex. 1 at 5; Ex. 2 at 91–95.

8. All combined, Plaintiff seeks $830,915.05 in attorney's fees.

9. Plaintiff's related non-taxable expenses for this case are $53,840.08. *See* Ex. 12 at 8; Ex. 13 at 5; Ex. 19.

10. Adding the fees and expenses, the total amount sought by this motion at this time is **$884,755.13**.

11. Plaintiff reserves the right to supplement this Motion to seek additional attorney's fees and costs if warranted.

Respectfully submitted on this 12th day of July 2018.

                                                          s/ Erik W. Stanley
Erik W. Stanley*
Kansas Bar # 24326
estanley@adflegal.org
Kevin H. Theriot
Kansas Bar # 21565
ktheriot@adflegal.org
ALLIANCE DEFENDING FREEDOM
15100 N. 90th St.
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 facsimile

ATTORNEYS FOR PLAINTIFF

*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed this 12th day of July 2018 using the Court's CM/ECF electronic filing system which will send notice to all counsel of record.

        s/ Erik W. Stanley_____
        Erik W. Stanley