# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| TRINITY LUTHERAN CHURCH OF COLUMBIA, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:13-cv-4022-NKL |
| Carol S. Comer, in her official capacity as Director of the Missouri Department of Natural Resources Solid Waste Management Program, | ) ) ) ) ) | |
| Defendant. | ) | |

_____

## DECLARATION OF DAVID A. CORTMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

I, DAVID A. CORTMAN, under penalty of perjury, make the following declaration pursuant to 28 U.S.C. § 1746:

1.     I am filing this declaration to demonstrate the reasonableness of both my hourly rate and the total amount of compensable time that I incurred in this case.

## Background

2.     I am lead counsel for Trinity Lutheran Church of Columbia Inc. As lead counsel, I supervised everything done on this case at the Supreme Court level. I also performed legal research, briefing, and argued the appeal before the Supreme Court of the United States.

1

3.      I have practiced law for over 21 years and have focused on the areas of religious freedom, freedom of expression, and civil rights litigation.  I am currently Senior Counsel and Vice President of U.S. Litigation at Alliance Defending Freedom, a non-profit public interest law firm.  In this capacity, I oversee a team of nearly 50 attorneys and legal staff.  I am involved in all aspects of litigation, including research, drafting and filing briefs, discovery, motions practice, and oral advocacy.   I practice primarily in federal court and have litigated well over two hundred cases in all levels of federal and state court.

4.      My office is located in Alliance Defending Freedom's Atlanta-area office.

5.      Prior to joining Alliance Defending Freedom, I worked for the American Center for Law & Justice, another public interest law firm, as Senior Associate Counsel.

6.      I am admitted to the bar of the State of Florida, the bar of the State of Georgia, the bar of the State of Arizona, and the Bar of the District of Columbia.  I am also admitted to the Supreme Court of the United States; the United States Courts of Appeals for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and District of Columbia Circuits; and numerous federal district courts.

7.      For the bars and courts in which I have been admitted, I am a member

in good standing and there are no grievance or other disciplinary proceedings pending against me. In addition, I have never been held in contempt of court, censured, disbarred, or suspended by any court.

8. I graduated *magna cum laude* from Regent University School of Law in 1996.

9. I have argued two cases before the Supreme Court of the United States. In *Reed v. Town of Gilbert*, 135 S. Ct. 2218 (2015), the Supreme Court ruled in favor of my client Pastor Reed 9 to 0. In *Trinity Lutheran Church of Columbia, Inc.*, 137 S. Ct. 2012 (2017), the Supreme Court ruled in favor of my client Trinity Lutheran Church 7 to 2. Including these, I have served as lead counsel in a total of seven cases before the Supreme Court: *Nat'l Inst. of Family & Life Advocates v. Becerra*, 138 S. Ct. 2361 (2018); *Burwell v. Geneva Coll.* 136 S. Ct. 1557 (2016); *Burwell v. S. Nazarene Univ.*, 136 S. Ct. 1557 (2016); *Conestoga Wood Specialties Corp. v. Burwell*, 134 S. Ct. 2751 (2014); and *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125 (2011). I also served as co-counsel in four other cases before the Supreme Court: *Masterpiece Cakeshop, Ltd. v. Colo. Civil Rights Comm'n*, 138 S. Ct. 1719 (2018); *Town of Greece v. Galloway*, 134 S. Ct. 1811 (2014); *Locke v. Davey*, 124 S. Ct. 1307 (2004); and *Santa Fe Independent School District v. Doe*, 530 U.S. 290 (2000).

10. I have served as amicus counsel of record or co-counsel on at least

3

seventeen cases at the Supreme Court: *Personhood Oklahoma v. Barber*; *Dariano v. Morgan Hill Unified School District*; *Dixon v. University of Toledo*; *Elmbrook School District v. Doe*; *Holt v. Hobbs*; *Kowalski v. Berkeley County Schools*; *Lane v. Franks*; *Minority Television Project, Inc. v. Federal Communications Commission*; *Susan B. Anthony List v. Driehaus*; *Trunk v. City of San Diego*; *University of Texas Southwestern Medical Center v. Nassar*; *Advocate Health Care Network v. Stapleton*; *Duncan v. Lutzer*; *Lee v. Tam*; *Obergefell v. Hodges*; *Whole Woman's Health v. Hellerstedt* and *Palmer v. Waxahachie Independent School District*.

11.    In my over 21 years of practicing constitutional law, I have served as lead or co-counsel in well over two hundred First Amendment cases, including many published opinions: *Real Alternatives, Inc. v. Sec. Dep't of Health & Human Servs.*, 867 F.3d 338 (3d Cir. 2017); *Lund v. Rowan Cnty.*, 863 F.3d 268 (4th Cir. 2017); *Felix v. City of Bloomfield*, 841 F.3d 848 (10th Cir. 2016); *Nat'l Inst. of Family & Life Advocates v. Harris*, 839 F.3d 823 (9th Cir. 2016); *Bruni v. City of Pittsburgh*, 824 F.3d 353 (3d Cir. 2016); *Women's Health Link, Inc. v. Fort Wayne Pub. Transp. Corp.*, 826 F.3d 947 (7th Cir. 2016); *Dordt Coll. v. Burwell*, 801 F.3d 946 (8th Cir. 2015); *Children First Found. v. Fiala*, 790 F.3d 328 (2d Cir. 2015); *Geneva Coll. v. Sec. U.S. Dep't of Health & Human Servs.*, 778 F.3d 422 (3d Cir. 2015); *Bronx Household of Faith v. Bd. of Educ. of N.Y.C.*, 750 F.3d 184 (2d Cir. 2014); *K.A. ex rel. Ayers v. Pocono Mt. Sch. Dist.*, 710 F.3d 99 (3d Cir. 2013); *Byrne v. Rutledge*, 623

4

F.3d 46 (2d Cir. 2010); *Brown v. City of Pittsburgh*, 586 F.3d 263 (3d Cir. 2009); *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393 (2003); *Bronx Household of Faith v. Bd. of Educ. of City of New York*, 492 F.3d 89 (2d Cir. 2007); *Li v. Gonzalez*, 429 F.3d 1153 (5th Cir. 2005); *Prince v. Jacoby*, 303 F.3d 1074 (9th Cir. 2002); *Campbell v. St. Tammany Parish Sch. Bd.*, 300 F.3d 526 (5th Cir. 2002); *Country Mill Farms, LLC v. City of East Lansing*, 280 F. Supp. 3d 1029 (W.D. Mich. 2017); *Knapp v. City of Coeur d'Alene*, 172 F. Supp. 3d 1118 (D. Idaho 2016); *Cochran v. City of Atlanta*, 150 F. Supp. 3d 1305 (N.D. Ga. 2015); *Tyndale House Publishers, Inc. v. Sebelius*, 904 F. Supp. 2d 106 (D.D.C. 2012); *Gilio ex rel. J.G. v. Sch. Bd. of Hillsborough Cnty.*, 905 F. Supp. 2d 1262 (M.D. Fla. 2012); *Newland v. Sebelius*, 881 F. Supp. 2d 1287 (D. Colo. 2012); *Wright ex rel. A.W. v. Pulaski Cnty. Special Sch. Dist.*, 803 F. Supp. 2d 980 (E.D. Ark. 2011); *Krestan v. Deer Valley Unified Sch. Dist. No. 97*, 561 F. Supp. 2d 1078 (D. Ariz. 2008); *O.T. ex rel. Turton v. Frenchtown Elementary Sch. Dist. Bd. of Educ.*, 465 F. Supp. 2d 369 (D.N.J. 2006); *Gentala v. City of Tucson*, 325 F. Supp. 2d 1012 (D. Ariz. 2003); and *Moore v. City of Van, Texas*, 238 F. Supp. 2d 837 (E.D. Tex. 2003).

## **Preclusion of Other Employment**

12. By working on Trinity Lutheran Church's case, I was precluded from working on other matters or taking on other representation that I might otherwise have been able to take on.

5

13.     This case imposed time limitations on my schedule as it required extensive research and writing in order to vindicate Trinity Lutheran Church's constitutional rights.   The novel constitutional challenges necessitated by Defendant's efforts to justify its unconstitutional exclusion of churches from Missouri's Scrap Tire Program required extra amounts of my time, which precluded me from working on other matters.

14.     This case presented the Court with a question that it had never before answered in the positive:  Does the Free Exercise Clause require the government to include religious organizations in otherwise neutrally available benefit programs?

15.      Because this case was at the Supreme Court of the United States, and because it was a novel question, the preparation required was greatly increased.  I devoted much of my time solely to this case.   Supreme Court Justices expect excellence both in the briefing and argument presentation.

16.     The result of the case was exceptional in that the Court ruled for the first time ever that the Free Exercise Clause does indeed require that churches or religious organizations must not be excluded from otherwise neutral government benefit programs solely because they are religious.

17.     This case would have been undesirable for most attorneys to undertake because it lacked a guaranteed fee.

6

## Reasonableness of Rate

18.     As a non-profit organization, Alliance Defending Freedom represents its clients on a *pro bono* basis.  Our clients do not pay for our services or the costs of litigation.

19.     The *pro bono* representation of our clients and the national scope of our practice mean that our attorneys' fees rates are determined by billing practices in the legal market where a case is litigated.

20.     I have investigated and obtained information to familiarize myself with the hourly billing rates of attorneys with skill and experience in the First Amendment area of law who practice in Atlanta, Georgia, where my office is located; and in Washington, D.C., where many Supreme Court practitioners are located.

21.     My billing rate of $695.00 per hour for my time in this case is consistent with the prevailing market rate in the Atlanta area, where many attorneys of my experience would bill in excess of $695.00 per hour to litigate a complex First Amendment case at the Supreme Court.  This rate is also consistent with rates awarded to attorneys in similar cases in this jurisdiction and is reasonable in light of my experience in constitutional law.  The concurrently-filed declarations of Wayne Bond and George Weaver attest to the area's billing rates for similar cases at the Supreme Court.

7

22.     Additionally, my rate is extremely reasonable as compared with attorneys who practice before the Supreme Court of the United States, as the concurrently-filed declaration of frequent Supreme Court practitioner Paul Clement attests.

23.     Few attorneys practice First Amendment constitutional litigation, fewer practice constitutional litigation on behalf of plaintiffs against governmental entities, and even fewer practice exclusively in this area of law.  The intent of Congress when it authorized attorney's fees and costs under 42 U.S.C. § 1988 was to permit plaintiffs to bring constitutional claims against governmental entities and also to ensure that the cost of litigation on behalf of plaintiffs seeking to vindicate their constitutional rights would not serve as a barrier to bringing such actions.  Trinity Lutheran Church would not have been able to bring this case without the prospect of reasonable attorney's fees and costs being awarded.

## Reasonableness of Time and Expenses Incurred

24.     The concurrently filed itemized statement sets forth my task-based time based upon contemporaneous time records kept via the timekeeping function on in-house software as I performed the work.

25.     I exercised my billing judgment by reducing duplicative or otherwise unreasonable time expenditures.  I eliminated any hours that were unnecessary duplicative and all hours that were for nonbillable time, such as media and non-

8

working travel in the case.

26.    After I reviewed my time and exercised critical billing judgment, I also eliminated 10.4 hours from work in the courts below which represents a reduction of $7,228.00.

27.    All of my included hours for the Supreme Court case were necessary and prudent in order to be able to reach the result obtained.

28.    There was much opposition to our position, including in the legal and scholarship realm.

29.    It required much additional research and writing, and in addition to reading every case cited, listening to each oral argument in those cases.

30.    Justices reveal their concerns in these arguments and it is an invaluable preparation tool to have insight into these concerns prior to conducting oral argument.

31.    Out of an abundance of caution, I also reduced 10% of my time spent at the Supreme Court.  Even though I believe that all of the time that I worked on the Supreme Court aspect of the case was necessary and prudent for the importance of the case, I nonetheless reduced my time by an additional 57.11 hours in the amount of $39,691.45.

32.    At a billing rate of $695.00 per hour, this results in a current amount of $359,377.55 that may properly be claimed against Defendant as part of a motion

for attorneys' fees and costs.

33.    The concurrently filed declarations of regular Supreme Court practitioner Paul Clement as well as Atlanta practitioners George Weaver and Wayne Bond and mid-Missouri practitioner Charles Hatfield, attest to the fact that the total time that Alliance Defending Freedom incurred in this case, including my total compensable time, is very reasonable for this type of case with its procedural history.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 12th day of July, 2018, at Lawrenceville, Georgia.

s/ David Cortman
DAVID A. CORTMAN
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Road, NE
Suite D-1100
Lawrenceville, Georgia 30043
Telephone:  (770) 339–0774
Facsimile:  (770) 339–6744
dcortman@ADFlegal.org