# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TRINITY LUTHERAN CHURCH OF COLUMBIA, INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| Carol S. Comer, in her official capacity as Director of the Missouri Department of Natural Resources Solid Waste Management Program, | ) ) ) ) ) |
| Defendant. | ) ) |

Case No. 2:13-cv-4022-NKL

## DECLARATION OF ERIK W. STANLEY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

I, Erik W. Stanley, under penalty of perjury, make the following declaration pursuant to 28 U.S.C. § 1746:

1. I am filing this declaration to demonstrate the reasonableness of both my hourly rate and the total amount of compensable time that I incurred in this case.

### Background

2. I am co-counsel for Trinity Lutheran Church and worked on all aspects of this litigation in both the trial and appellate court, as well as the Supreme Court of the United States. I served as co-counsel before the district court, and served as "second chair" before the Eighth Circuit Court of Appeals, and for the argument at

1

the United States Supreme Court.

3. I have practiced law for almost nineteen years and have focused on the areas of religious freedom, freedom of expression, and civil rights litigation. I am currently Senior Counsel and Director of the Center for Christian Ministries at Alliance Defending Freedom, a non-profit public interest law firm. I am involved in all aspects of litigation, including research, drafting and filing briefs, discovery, motions practice, and oral advocacy. I practice primarily in federal court and have litigated cases in the United States Supreme Court, Circuit Courts of Appeals, and District Courts.

4. Prior to joining Alliance Defending Freedom in 2007, I worked for Liberty Counsel, another public interest law firm, for over eight years where I litigated religious freedom, freedom of expression, and civil rights cases. While at Liberty Counsel, I advanced to the position of Chief Counsel where I was responsible to oversee and direct all litigation undertaken by the firm as well as oversee all legal staff.

5. I have been a guest on dozens of radio programs related to civil rights issues and have appeared on numerous television networks and several cable and broadcast news shows.

6. I graduated *Cum Laude* in the top 5% of my class at Temple University School of Law (J.D.) in 1999.

7. An article I authored, *LBJ, the IRS, and Churches: The Unconstitutionality of the Johnson Amendment in Light of Recent Supreme Court Precedent*, was published in Regent University Law Review in 2012.

8. I am admitted to practice in the States of Florida, Kansas, Arizona and the District of Columbia; the Supreme Court of the United States, United States Courts of Appeals for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Circuits; and several United States District Courts.

9. For the bars and courts in which I have been admitted, I am a member in good standing and there are no grievance proceedings or any other disciplinary actions pending against me. In addition, I have never been held in contempt of court, censured, disbarred, or suspended by any court.

10. In addition to the case at bar, I have served as lead or co-counsel in numerous cases involving the First Amendment and other constitutional issues, including the following reported decisions that represent important precedent in First Amendment jurisprudence: *McCreary County, Ky. v. American Civil Liberties Union of Ky.*, 545 U.S. 844 (2005) (second chair); *Tree of Life Christian Schools v. City of Upper Arlington*, 823 F.3d 365 (6th Cir. 2016); *Trinity Lutheran Church v. Pauley*, 788 F.3d 779 (8th Cir. 2015); *Doe v. South Iron R-1 Sch. Dist.*, 498 F.3d 878 (8th Cir. 2007); *Child Evangelism Fellowship of S.C. v. Anderson Sch. Dist. Five*, 470 F.3d 1062 (4th Cir. 2006); *American Civil Liberties Union of Ky. v. Mercer*

*County, Ky.*, 446 F.3d 651 (6th Cir. 2005); A*nderson v. Milwaukee County*, 433 F.3d 975 (7th Cir. 2006); *American Civil Liberties Union of Ky. v. Mercer County, Ky.*, 432 F.3d 624 (6th Cir. 2005); *Peck v. Baldwinsville Central Sch. Dist.*, 426 F.3d 617 (2d Cir. 2005); *Books v. Elkhart County, Ind.*, 401 F.3d 857 (7th Cir. 2005); *American Civil Liberties Union of Ky. v. McCreary County, Ky.*, 361 F.3d 928 (6th Cir. 2004); *American Civil Liberties Union of Ky. v. McCreary County, Ky.*, 354 F.3d 438 (6th Cir. 2003); *Women's Emergency Network v. Bush*, 323 F.3d 937 (11th Cir. 2003) (argued); F*ocus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263 (11th 2003); *Peachlum v. City of York, Pa.*, 333 F.3d 429 (3d Cir. 2003); *Adler v. Duval County Sch. Bd.*, 250 F.3d 1330 (11th Cir. 2001) (en banc); *Gernetzke v. Kenosha Unified Sch. Dist. No. 1*, 274 F.3d 464 (7th Cir. 2001); *Adler v. Duval County Sch. Bd.*, 206 F.3d 1070 (11th Cir. 2000) (en banc); *Freedom From Religion Found., Inc. v. City of Marshfield*, 203 F.3d 487 (7th Cir. 2000); *Tree of Life Christian Schools v. City of Upper Arlington*, ___ F.Supp. 3d ___, 2017 WL 4563897 (S.D. Ohio 2017); *Fort Des Moines Church of Christ v. Jackson*, 215 F. Supp. 3d 776 (S.D. Iowa 2016); *DeFiore v. City Rescue Mission of New Castle*, 995 F.Supp. 2d 412 (W.D. Pa. 2013); *Tree of Life Christian Schools v. City of Upper Arlington,* 888 F. Supp. 2d 883 (S.D. Ohio 2012); *Stormans v. Selecky*, 251 F.R.D. 573 (W.D. Wash. 2008); *ACLU v. Rutherford Cty.*, 2006 WL 2645198, Case No. 3:02 0396 (M.D. Tenn. September 14, 2006); *Doe v. South Iron R-1 Sch. Dist.*, 453

4

F.Supp.2d 1093 (E.D. Mo. 2006); *Child Evangelism Fellowship of South Carolina v. Anderson Sch. Dist. 5*, 438 F. Supp. 2d 609 (D.S.C. 2006); *Citizens for a Responsible Curriculum v. Montgomery Cty. Pub. Schs*, 2005 WL1075634 (D. Md. May 5, 2005); *Open Homes Fellowship, Inc. v. Orange County*, 325 F. Supp. 2d 1349 (M.D. Fla. 2004); *American Civil Liberties Union of Ky. v. Mercer County*, 240 F. Supp. 2d 623 (E.D. Ky. 2003); *Turner v. Habersham County*, 290 F. Supp. 2d 1362 (N.D. Ga. 2003); *Westfield High Sch. LIFE Club v. City of Westfield*, 249 F. Supp. 2d 98 (D. Mass. 2003) ; *American Civil Liberties Union of Ky. v. Mercer County*, 219 F. Supp. 2d 777 (E.D. Ky. 2002); *Women's Emergency Network v. Bush*, 214 F. Supp. 2d 1316 (S.D. Fla. 2002); *Deida v. City of Milwaukee*, 206 F. Supp. 2d 967 (E.D. Wis. 2002); *Deida v. City of Milwaukee*, 192 F. Supp. 2d 899 (E.D. Wis. 2002); *American Civil Liberties Union of Tenn. v. Rutherford County*, 209 F. Supp. 2d 799 (M.D. Tenn. 2002); *Deida v. City of Milwaukee*, 176 F. Supp. 2d 859 (E.D. Wis. 2001); *Juzwick v. Borough of Dormont*, 2001 WL34369467 (W.D. Pa. December 12, 2001); *American Civil Liberties Union of Ky. v. McCreary County, Ky.*, 145 F. Supp. 2d 845 (E.D. Ky. 2001).

11. I was very involved with developing the strategy and arguments for litigating *Trinity Lutheran Church v. Comer*, ___ U.S. ___, 137 S. Ct. 2012 (2017), at the United States Supreme Court. In addition to participating in numerous conferences related to strategy, I served as the principal brief writer and was

5

instrumental in developing the arguments that won victory for our clients.

## Preclusion of Other Employment

12. By working on Trinity Lutheran Church's case, I was precluded from working on other matters or taking on other representation that I might otherwise have been able to take on.

13. This case imposed time limitations on my schedule as it required extensive research and writing in order to vindicate Trinity Lutheran Church's constitutional rights. The novel constitutional challenges necessitated by Defendant's efforts to justify its unconstitutional exclusion of the Church from the scrap tire grant program required extra amounts of my time, which precluded me from working on other matters.

14. This case would have been undesirable for most attorneys to undertake because it lacked a guaranteed fee.

## Reasonableness of Rate

15. As a non-profit organization, Alliance Defending Freedom represents its clients on a *pro bono* basis. Our clients do not pay for our services or the costs of litigation.

16. The *pro bono* representation of our clients and the national scope of our practice mean that we do not currently have internal billing rates. Alliance Defending Freedom's attorneys' fees rates are determined by billing practices in the

legal market where a case is pending.

17. I have investigated and obtained information to familiarize myself with the hourly billing rates of attorneys with skill and experience in the First Amendment area of law who practice in the Kansas City, Missouri, area near where this case originate as well as attorneys who practice before the United States Supreme Court.

18. My billing rate of $495.00 per hour for my time in this case is consistent with the prevailing market rate in the Kansas City area, where many attorneys of my experience would bill in excess of $495.00 per hour to litigate a complex First Amendment case as the concurrently filed declaration of Chuck Hatfield attests. This rate is also reasonable in light of my experience in constitutional law.

19. Additionally, my rate is very reasonable for practice before the United States Supreme Court, as the concurrently-filed declaration of frequent Supreme Court practitioner Paul Clement attests.

20. Few attorneys practice First Amendment constitutional litigation, fewer practice constitutional litigation on behalf of plaintiffs against governmental entities, and even fewer practice exclusively in this area of law. The intent of Congress when it authorized attorney's fees and costs under 42 U.S.C. § 1988 was to permit plaintiffs to bring constitutional claims against governmental entities and also to ensure that the cost of litigation on behalf of plaintiffs seeking to vindicate their constitutional rights would not serve as a barrier to bringing such actions. Trinity

Lutheran Church would not have been able to bring this case without the prospect of reasonable attorney's fees and costs being awarded.

## Reasonableness of Time and Expenses Incurred

21. The concurrently filed itemized statement sets forth my task-based time based upon contemporaneous time records kept via the timekeeping function on in-house software. I exercised my billing judgment by reducing duplicative, administrative, or otherwise unreasonable time expenditures. These reductions are individually documented in the itemized statement.

22. The total time I incurred on this case is 430.20 hours. After I reviewed my time and exercised critical billing judgment, this amount was reduced to 399.9 hours. At a billing rate of $495.00 per hour, this results in a current amount of $197,950.50 that may properly be claimed against Defendant.

23. In addition to exercising billing judgment with regard to my own time, I exercised billing judgment for certain other attorneys and legal support staff who worked on this case during the time they were employed by Alliance Defending Freedom.

24. Attorney Joel Oster, who has practiced law for 20 years and whose reasonable billing rate is $450.00 per hour, incurred 103.2 hours in this case. Mr. Oster primarily litigated this case before this Court and also the Eighth Circuit Court of Appeals prior to his departure from the firm. After I reviewed his time and

exercised critical billing judgment, this amount was reduced to 97.9 hours, which results in a current amount of $44,055.00 that may properly be claimed against Defendant.

25. Legal assistant Deb Hardin, whose reasonable billing rate is $100.00 per hour, incurred 158 hours in this case. After I reviewed her time and exercised critical billing judgment, this amount was reduced to 134.5 hours, resulting in a current amount of $13,450.00 that may properly be claimed against Defendant.

26. Attorney Greg Baylor, whose reasonable billing rate is $495.00 per hour, incurred 3.1 hours in this case. After I reviewed his time and exercised critical billing judgment, this amount was reduced to 0 hours.

27. Attorney Jon Scruggs, whose reasonable billing rate is $350.00 per hour, incurred 2.6 hours in this case. After I reviewed his time and exercised critical billing judgment, this amount was reduced to 0 hours.

28. Attorney Samuel Green, whose reasonable billing rate is $350.00 per hour, incurred 2.1 hours in this case. After I reviewed his time and exercised critical billing judgment, this amount was reduced to 0 hours.

29. Legal Assistants Christy Sneed, Lakeila Meadows, Pam Paulk, Jennifer Watkins, and Sarah Henning, whose reasonable billing rates are $100.00 per hour, incurred a total of 11.5 hours in this case. After I reviewed their time and exercised critical billing judgment, this amount was reduced to 0 hours.

30. The concurrently filed declarations of regular Supreme Court practitioner Paul Clement as well as mid-Missouri practitioner Charles Hatfield attest to the fact that the total time that Alliance Defending Freedom incurred in this case, including my total compensable time, is very reasonable for this type of case with its procedural history.

### DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 12th day of July, 2018, at Scottsdale, Arizona.

                            s/ Erik Stanley
                            ERIK W. STANLEY
                            ALLIANCE DEFENDING FREEDOM
                            15100 NORTH 90TH STREET
                            SCOTTSDALE, ARIZONA 85260
                            (480) 444–0020
                            (480) 444–0028—FACSIMILE
                            estanley@ADFlegal.org