# EXHIBIT 6

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

TRINITY LUTHERAN CHURCH )
OF COLUMBIA, INC. )
 )
      Plaintiff, )
 )
v. ) Case No. 2:13-cv-4022-NKL
 )
Carol S. Comer, in her official )
capacity as Director of the Missouri )
Department of Natural Resources )
Solid Waste Management Program, )
 )
      Defendant. )

_____

### DECLARATION OF JORDAN LORENCE IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

I, JORDAN W. LORENCE, under penalty of perjury, make the following declaration pursuant to 28 U.S.C. § 1746:

1. I am filing this declaration to demonstrate the reasonableness of both my hourly rate and the total amount of compensable time that I incurred in this case.

### Background

2. I have worked on select aspects of this case related to Trinity Lutheran Church's successful appeal to the United States Supreme Court.

3. For over 30 years, from 1984 to present, I have engaged in a nationwide practice concentrating in civil rights and constitutional law. I am currently Senior

1

Counsel at Alliance Defending Freedom, a non-profit public interest law firm. I practice almost exclusively in the areas of civil rights, particularly free speech and religious liberties rights. I practice primarily in federal court. I have either litigated or assisted in litigation in hundreds of cases in federal courts, including the United States Supreme Court, most of the circuit courts of appeals, many district courts, and seven state supreme courts. My work has involved all aspects of litigation, including research, drafting and filing briefs, discovery, motions practice, and oral advocacy.

4. I have developed an expertise in First Amendment issues involving religious freedom. In particular, I was the lead counsel during all phases of *Board of Regents of the University of Wisconsin System v. Southworth*, 529 U.S. 217 (2000). In addition, I served as associate counsel in five other Supreme Court cases: *Lamb's Chapel v. Ctr. Moriches Union Free Sch. Dist.*, 508 U.S. 384 (1993); *Witters v. Wash. Dep't of Servs. for the Blind*, 474 U.S. 481 (1986); *Ariz. Christian Sch. Ass'n v. Winn*, 563 U.S. 125 (2011); *Conestoga Wood Specialties Corp. v. Burwell*, 134 S. Ct. 2751 (2014), *Zubik v. Burwell*, 136 S. Ct. 1557 (2016).

5. In addition to these five cases at the United States Supreme Court, I have participated as counsel in numerous other cases involving First Amendment free speech or free exercise issues. These cases have been litigated in various state and federal district and appellate courts. Some of my reported federal appellate court cases include *Bronx Household of Faith v. Bd. of Educ. of City of New York*, 750

F.3d 184 (2d Cir. 2014), *cert. denied*, 135 S. Ct. 1730 (2015); *Alpha Delta Chi-Delta Chapter v. Reed*, 648 F.3d 790 (9th Cir. 2011); *Badger Catholic, Inc. v. Walsh*, 620 F.3d 775 (7th Cir. 2010); *Boardley v. U.S. Dep't of Interior*, 615 F.3d 508 (D.C. Cir. 2010); *Cooper v. U.S. Postal Serv.*, 577 F.3d 479 (2d Cir. 2009); *Faith Ctr. Church Evangelistic Ministries v. Glover*, 480 F.3d 891 (9th Cir. 2007) *abrogated by Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008); *Justice For All v. Faulkner*, 410 F.3d 760 (5th Cir. 2005); *Curry v. Regents of Univ. of Minnesota*, 167 F.3d 420 (8th Cir. 1999); *Fairfax Covenant Church v. Fairfax Cnty. Sch. Bd.*, 17 F.3d 703 (4th Cir. 1994); *Pustell v. Lynn Pub. Sch.*, 18 F.3d 50 (1st Cir. 1994); *Grace Bible Fellowship, Inc. v. Maine Sch. Admin. Dist. No. 5*, 941 F.2d 45 (1st Cir. 1991); *Travis v. Owego-Apalachin Sch. Dist.*, 927 F.2d 688 (2d Cir. 1991); and *Gregoire v. Centennial Sch. Dist.*, 907 F.2d 1366 (3d Cir. 1990).

6.   I have taught at CLE courses across the country about religious freedom and civil rights litigation. I regularly speak at conferences and participate in debates around the world on religious liberty topics. I have authored law review articles, including: *Employment Division v. Smith and the Need for the Religious Freedom Restoration Act*, 6 REGENT U. L. REV. 65 (1995), and *No Official High or Petty: The Unnecessary, Unwise, and Unconstitutional Trend of Prescribing Viewpoint Orthodoxy in Mandatory Continuing Legal Education*, 44 S. TEX. L. REV. 263 (2002). I am the author of *FIRE's Guide to Student Fees, Funding, and Legal*

3

*Equality on Campus* (2003), *Christmas in the Public Schools: Constitutional Ways to Observe Religious Holidays* (1989), and co-author of *FIRE's Guide to First-Year Orientation and Thought Reform on Campus* (2005). I have been a guest on hundreds of radio and television news programs discussing religious liberty issues. I am a frequent contributor to a leading religious liberty blog.

7. I am admitted to practice before the U.S. Supreme Court, the Minnesota Supreme Court, the Virginia Supreme Court, the District of Columbia Court of Appeals, and the U.S. Courts of Appeals for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and D.C. Circuits. I am also admitted to practice before several U.S. District Courts. I have appeared *pro hac vice* in numerous other federal district courts around the nation.

8. I earned my J.D. at the University of Minnesota Law School, graduating in 1980.

## Preclusion of Other Employment

9. By working on Trinity Lutheran's case, I was precluded from working on other matters or taking on other representation that I might otherwise have been able to take on.

10. This case imposed time limitations on my schedule as it required extensive research and writing in order to vindicate Trinity Lutheran's constitutional rights. The novel constitutional challenges necessitated by Defendant's efforts to

justify its unconstitutional exclusion of churches from the playground program required extra amounts of my time, which precluded me from working on other matters.

11. This case would have been undesirable for most attorneys to undertake because it lacked a guaranteed fee.

### Reasonableness of Rate

12. As a non-profit organization, Alliance Defending Freedom represents its clients on a *pro bono* basis. Our clients do not pay for our services or the costs of litigation.

13. The *pro bono* representation of our clients and the national scope of our practice mean that we do not currently have internal billing rates. Alliance Defending Freedom's attorneys' fees rates are determined by billing practices in the legal market where a case is pending.

14. I have investigated and obtained information to familiarize myself with the hourly billing rates of attorneys who practice in the Kansas City, Missouri, area near where this case originated, as well as attorneys with skill and experience in the First Amendment area of law who practice before the United States Supreme Court.

15. My billing rate of $550.00 per hour for my time in this case is consistent with the prevailing market rate in the Kansas City area, where many attorneys of my experience would bill in excess of $550.00 per hour to litigate a complex First

5

Amendment case as the concurrently filed declaration of Charles Hatfield attests. This rate is also reasonable in light of my experience in constitutional law.

16. Additionally, my rate is very reasonable for practice before the United States Supreme Court, as the concurrently-filed declaration of frequent Supreme Court practitioner Paul Clement attests.

17. Few attorneys practice First Amendment constitutional litigation, fewer practice constitutional litigation on behalf of plaintiffs against governmental entities, and even fewer practice exclusively in this area of law. The intent of Congress when it authorized attorney's fees and costs under 42 U.S.C. § 1988 was to permit plaintiffs to bring constitutional claims against governmental entities and also to ensure that the cost of litigation on behalf of plaintiffs seeking to vindicate their constitutional rights would not serve as a barrier to bringing such actions. Pastor Reed would not have been able to bring this case without the prospect of reasonable attorney's fees and costs being awarded.

## Reasonableness of Time and Expenses Incurred

18. The concurrently filed itemized statement sets forth my task-based time based upon contemporaneous time records kept via the timekeeping function on in-house software as I preformed the work. I exercised my billing judgment by reducing duplicative, administrative, or otherwise unreasonable time expenditures. These reductions are individually documented in the itemized statement.

19. After I reviewed my time and exercised critical billing judgment, the number of hours I expended on this case is 40.0 hours. At a billing rate of $550.00 per hour, this results in a current amount of $22,000.00 that may properly be claimed against Defendant.

20. The concurrently filed declarations of regular Supreme Court practitioner Paul Clement as well as mid-Missouri practitioner Charles Hatfield attest to the fact that the total time that Alliance Defending Freedom incurred in this case, including my total compensable time, is very reasonable for this type of case with its procedural history.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 12th day of July, 2018, at Washington, D.C.

    s/ Jordan Lorence
JORDAN W. LORENCE
ALLIANCE DEFENDING FREEDOM
440 FIRST ST. STREET N.W., SUITE 600
WASHINGTON, D.C. 20001
TELEPHONE: (202) 393–8690
FACSIMILE: (202) 347–3622
jlorence@ADFlegal.org