# EXHIBIT 9

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TRINITY LUTHERAN CHURCH OF COLUMBIA, INC. | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:13-cv-4022-NKL ) |
| Carol S. Comer, in her official capacity as Director of the Missouri Department of Natural Resources Solid Waste Management Program, | ) ) ) ) ) ) |
| Defendant. | ) |

**DECLARATION OF CHRISTEN M. PRICE IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

I, CHRISTEN M. PRICE, under penalty of perjury, make the following declaration pursuant to 28 U.S.C. § 1746:

1. I am filing this declaration to demonstrate the reasonableness of both my hourly rate and the total amount of compensable time that I incurred in this case.

**Background**

2. I have worked on select aspects of this case. My principal contributions to Plaintiff's efforts were conducting legal research and drafting a legal memorandum.

3. I have practiced law for five years and am currently Legal Counsel at

1

Alliance Defending Freedom, a nonprofit public interest law firm. In this capacity, I practice exclusively in the areas of civil rights, particularly freedom of religion, association, and speech. My practice is focused on federal court and involves conducting legal research, preparing *amicus* submissions and other litigation documents, drafting legal memoranda and correspondence, analyzing proposed legislation and regulations, and reviewing client employment documents and other policies.

4. Prior to joining Alliance Defending Freedom in 2015, I was an associate at Wiley Rein LLP from October 2012 to June 2015. While at Wiley Rein, I conducted legal research, drafted employment documents, dispositive motions and other pleadings, employment documents, analyzed proposed regulatory texts, primarily in the employment, international trade, and general litigation practice groups. I also aided internal investigations for government contractors, advised exempt organizations on tax law and other matters, and assisted with due diligence for corporate transactions.

5. I graduated from Georgetown University Law Center with a Juris Doctor degree in 2012. While in law school, I worked as a legal intern at the United States Department of Justice, Criminal Division, in the Child Exploitation and Obscenity Section and the Office of Overseas Prosecutorial Development, Assistance, and Training. I also worked as a summer associate at Wiley Rein LLP, and served as an

editor of the *Georgetown Journal of International Law*. I received my Certificate in Transnational Legal Studies, and my final paper from the transnational program's international criminal law course was published as a book chapter, "The Proposed Convention on Crimes Against Humanity and Human Trafficking," in ON THE PROPOSED CRIMES AGAINST HUMANITY CONVENTION (Morten Bergsmo & SONG Tianying, eds., 2014).

6. I am admitted to the State Bars of New York and the District of Columbia and am admitted to the bars of the Supreme Court of the United States, the United States Courts of Appeals for the District of Columbia Circuit, as well as the United States District Court for the District of Columbia.

7. For the bars and courts in which I am admitted, I am a member in good standing and there are no grievance proceedings or any other disciplinary actions pending against me. In addition, I have never been held in contempt of court, censured, disbarred, or suspended by any court.

### **Preclusion of Other Employment**

8. By working on Trinity Lutheran's case, I was precluded from working on other matters or taking on other representation that I might otherwise have been able to take on.

9. This case imposed time limitations on my schedule as it required extensive research and writing in order to vindicate Trinity Lutheran's constitutional

3

Case 2:13-cv-04022-NKL    Document 57-9    Filed 07/12/18    Page 4 of 7

rights. The novel constitutional challenges necessitated by Defendant's efforts to justify its unconstitutional exclusion of religious organizations from a state benefit program required extra amounts of my time, which precluded me from working on other matters.

10. This case would have been undesirable for most attorneys to undertake because it lacked a guaranteed fee.

### Reasonableness of Rate

11. As a non-profit organization, Alliance Defending Freedom represents its clients on a *pro bono* basis. Our clients do not pay for our services or the costs of litigation.

12. The *pro bono* representation of our clients and the national scope of our practice mean that we do not currently have internal billing rates. Alliance Defending Freedom's attorneys' fees rates are determined by billing practices in the legal market where a case is pending.

13. I have investigated and obtained information to familiarize myself with the hourly billing rates of attorneys with skill and experience in the First Amendment area of law who practice who practice in the Kansas City, Missouri, area near where this case originated, as well as attorneys who practice before the United States Supreme Court.

14. My billing rate of $150.00 per hour for my time in this case is consistent

with the prevailing market rate in the in the Kansas City area, where many attorneys of my experience would bill in excess of $150.00 per hour to litigate a complex First Amendment case as the concurrently filed declaration of Charles Hatfield attests. This rate is also reasonable in light of my experience in constitutional law.

15. Additionally, my rate is very reasonable for practice before the United States Supreme Court, as the concurrently-filed declaration of frequent Supreme Court practitioner Paul Clement attests.

16. Few attorneys practice First Amendment constitutional litigation, fewer practice constitutional litigation on behalf of plaintiffs against governmental entities, and even fewer practice exclusively in this area of law. The intent of Congress when it authorized attorney's fees and costs under 42 U.S.C. § 1988 was to permit plaintiffs to bring constitutional claims against governmental entities and also to ensure that the cost of litigation on behalf of plaintiffs seeking to vindicate their constitutional rights would not serve as a barrier to bringing such actions. Trinity Lutheran would not have been able to bring this case without the prospect of reasonable attorney's fees and costs being awarded.

## Reasonableness of Time and Expenses Incurred

17. The concurrently filed itemized statement sets forth my task-based time based upon contemporaneous time records kept via the timekeeping function on in-house software as I preformed the work. I exercised my billing judgment by reducing

duplicative or otherwise unreasonable time expenditures. These reductions are individually documented in the itemized statement.

18. The total time I incurred on this case is 24.7 hours. After I reviewed my time and exercised critical billing judgment, this amount was reduced to 20.9 hours. At a billing rate of $150.00 per hour, this results in a current amount of $3,135.00 that may properly be claimed against Defendant.

19. The concurrently filed declarations of regular Supreme Court practitioner Paul Clement as well as mid-Missouri practitioner Charles Hatfield attest to the fact that the total time that Alliance Defending Freedom incurred in this case, including my total compensable time, is very reasonable for this type of case with its procedural history.

### DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 12th day of July, 2018, at Washington, D.C.

               s/ Christen Price
               CHRISTEN M. PRICE
               ALLIANCE DEFENDING FREEDOM
               440 First Street NW
               Suite 600
               Washington, DC 20001
               Telephone: (202) 393-8690
               Facsimile: (202) 347-3622
               cprice@ADFlegal.org