# EXHIBIT 15

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TRINITY LUTHERAN CHURCH OF COLUMBIA, INC., <br><br> Plaintiff <br><br> v. <br><br> CAROL S. COMER, *in her official capacity as Director of the Missouri Department of Natural Resources Solid Waste Management Program,* <br><br> Defendant. | Case No. 2:13-cv-04022-NKL <br><br> **DECLARATION OF PAUL CLEMENT** |

Paul Clement declares and affirms the following:

1. I have personal knowledge of all facts stated in this declaration, or I have learned them in the ordinary course of practicing law. I have neither sought nor received compensation in connection with the preparation and submission of this declaration.

2. I am a member of the bars of the District of Columbia, Virginia, and Wisconsin; the Supreme Court of the United States; the U.S. Courts of Appeals for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, District of Columbia, and Federal Circuits; and the U.S. District Courts for the District of Columbia and the Northern District of Florida. I graduated *magna cum laude* in 1992 from Harvard Law School, where I was the Supreme Court editor of the Harvard Law Review, and from the Georgetown University School of Foreign Service in 1988. I also received a master's degree in the economics and politics of development from Cambridge University. Following graduation, I clerked for the Hon. Laurence H. Silberman of the U.S. Court of Appeals for the D.C. Circuit and Associate Justice Antonin Scalia of the U.S. Supreme Court. After my clerkships, I

served as Chief Counsel of the U.S. Senate Subcommittee on the Constitution, Federalism and Property Rights.

3. I served as the 43rd Solicitor General of the United States from June 2005 until June 2008. Before my confirmation as Solicitor General, I served as Acting Solicitor General for nearly a year and as Principal Deputy Solicitor General for over three years. I have argued over 90 cases before the U.S. Supreme Court, including *McConnell v. FEC*, *Tennessee v. Lane*, *Rumsfeld v. Padilla*, *Credit Suisse v. Billing*, *United States v. Booker*, *MGM v. Grokster*, *ABC v. Aereo*, and *Hobby Lobby v. Burwell*. Since 2000, I have argued more U.S. Supreme Court cases than any lawyer in or out of government. I have also argued many significant cases in the lower courts, including *Walker v. Cheney, United States v. Moussaoui*, and *NFL v. Brady*.

4. I am familiar with both reasonable market rates charged by attorneys and firms involved in Supreme Court litigation as well as the complexity of such matters. Additionally, I am well-versed in the time, efforts, and resources that these matters require.

5. I have reviewed the following materials related to the work by plaintiff's counsel on the briefing and argument in the above-captioned case: a) Complaint and District Court briefing; b) Eighth Circuit briefing; c) Petition for a Writ of Certiorari; d) Respondent's Brief in Opposition; e) certiorari-stage Reply Brief for Petitioner; f) merits-stage Brief for Petitioner; g) merits-stage Brief for Respondent; and h) merits-stage Reply Brief for Petitioner.

6. Based on my experience, this matter presented novel and complex issues of law regarding a state's ability to exclude religious organizations from grant programs providing direct aid. This issue required sustained attention and time from attorneys with significant experience in this field, including experience before the Supreme Court and federal courts of appeals.

7. Alliance Defending Freedom (ADF) has extensive experience in constitutional and appellate litigation, including before the Supreme Court. It is my understanding that ADF's work on the case involved drafting filings and briefs at every level of litigation; researching and analyzing the issues; reviewing the approximately 38 amicus briefs filed in this matter; and preparing for and ultimately arguing the case before the U.S. Supreme Court.

8. In addition to the documents listed above, I have reviewed a summary of time records for plaintiff's counsel. I believe that the number of hours collectively reported by plaintiff's counsel for its efforts throughout this litigation—1,693.94 hours—is reasonable, as are the number of hours reported for ADF's efforts at the Supreme Court—1,290.99 hours. This case presented novel and important issues of constitutional law concerning whether a state could permissibly invoke its own state constitutional provision to exclude a religious organization from a grant program. ADF litigated this case from the outset, and after the Eighth Circuit held against its client, it accomplished the rare feat of persuading the Supreme Court to grant certiorari. The Supreme Court then held in favor of its client, largely on the principle that a state cannot "den[y] a qualified religious entity a public benefit solely because of its religious character." 137 S. Ct. 2012, 2024 (2017). In so holding, the Court observed that Missouri's "preference for skating as far as possible from religious establishment concerns," which the state had invoked to justify its refusal to provide money to Trinity Lutheran, ran headlong into the Federal Constitution's Free Exercise Clause. *Id.* Underscoring the complexity of the issues involved in the case are the five opinions issued by the Court: the Chief Justice's majority opinion, Justice Thomas's opinion concurring in part, Justice Gorsuch's opinion concurring part, Justice Breyer's opinion concurring in the judgment, and Justice Sotomayor's dissenting opinion.

9. The briefing of plaintiff's counsel provided the sort of high-quality and comprehensive legal analysis that would be expected for high-stakes Supreme Court litigation involving the First Amendment. The stakes in this case and importance of the issues are further evidenced by the large number of amicus briefs filed with the Court.

10. In my opinion, and based on my experience, the hourly rates charged by plaintiff's counsel in this matter are reasonable and well within the range of rates charged and received on an hourly basis by attorneys and staff with comparable experience in the Supreme Court and courts of appeals.

11. Mr. Cortman, counsel of record before the Supreme Court, requests $695 per hour, which is well within, and indeed below, the rates charged by many other constitutional-law practitioners with similar credentials. I also believe that the requested hourly rate of $495.00 for Mr. Stanley is reasonable because of his extensive experience in religious-liberty litigation. Mr. Cortman and Mr. Stanley were supported by other lawyers and professionals at ADF, and these rates are also reasonable in my opinion. In fact, Supreme Court litigators often charge significantly higher rates than the ones that plaintiff's attorneys are requesting. If plaintiff had retained other Supreme Court advocates to represent it, it is likely that the hourly billing rates of those attorneys would have been much higher than the rates sought by plaintiff's attorneys. In short, based on my experience as an appellate litigator, the hourly rates requested by plaintiff's attorneys are very reasonable.

12. In my opinion, and based on my experience as a practitioner before the Supreme Court and my review of the case documents, the total amount of fees—$794,966.05—is also reasonable in these circumstances. In a complex, high-stakes case, which addresses a difficult area of Supreme Court jurisprudence, there is no substitute for the sort of analysis and preparation that were required here to present

4

Case 2:13-cv-04022-NKL   Document 57-15   Filed 07/12/18   Page 5 of 6

the best possible case at all stages of litigation, including at the certiorari and merits stages at the Supreme Court. Not all constitutional cases, and not all Supreme Court cases are created equal. While all cases are important to the litigants, some cases attract little amicus interest and can be decided on the basis of a relatively discrete set of legal materials. Others, such as the instant litigation, are of such surpassing importance they attract widespread amicus interest and demand extensive preparation. In light of the high-stakes and research-intensive nature of this case, the requested fees are reasonable.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: May 23, 2018

_____
Paul Clement