# EXHIBIT 16

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| TRINITY LUTHERAN CHURCH OF COLUMBIA, MO, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 2:13-cv-04022-NKL |
| CAROL S. COMER, in her official Capacity as Director of the Missouri Department of Natural Resources Solid Waste Management Program, State of Missouri, | ) ) ) ) ) ) ) | |
| Defendant. | ) | |

## DECLARATION OF CHARLES W. HATFIELD IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

I, Charles W. Hatfield, declare under penalty of perjury the following:

1. I am filing this declaration in support of the Plaintiff's motion for attorneys' fees and costs. Specifically, I file this declaration to offer my opinion, based on my personal knowledge and experience, that the hourly rates requested by Plaintiff's counsel and their staff (collectively, "Plaintiff's counsel") are consistent with the market rate for attorneys handling matters of similar complexity in the U.S. District Court for the Western District of Missouri, Central Division, and for the Eighth Circuit Court of Appeals. In addition, it is my opinion that the number of hours being requested f by Plaintiff's counsel is reasonable for such litigation.

2. I have been an attorney licensed to practice law in Missouri since 1993. Currently, I am a partner with Stinson Leonard Street LLP ("Stinson") practicing in the firm's Jefferson City office. I also have served on the firm's Board of Directors, I am member of the

1

firm's Finance Committee, the managing partner of the Jefferson City office, and chair of the firm's Government Solutions Practice Group.

3. Prior to joining Stinson, I served as Chief of Staff and Counsel to the Missouri Attorney General. In that position, I participated in and supervised a broad range of complex litigation and policy matters, and represented multiple state agencies in significant cases. One of the responsibilities of the office of the Missouri Attorney General is to defend the validity of state statutes, and as such, I acquired in-depth and extensive experience with constitutional issues and the enactment of legislation. Since leaving the public sector, my practice has focused on statutory and constitutional issues. I also have extensive appellate and trial experience.

4. I have previously successfully litigated challenges to Missouri law brought under 42 U.S.C § 1983. I was lead counsel in the matters of *Legends Bank, et al. v. State of Missouri, et al.*, 361 S.W.3d 383 (Mo. 2012), *Trout v. State*, 231 S.W.3d 140 (Mo. 2007) and *Missouri Electric Cooperatives, et al. v. State of Missouri*, No. 16-04332-CV-C-ODS (W.D.Mo. 2017). All of those cases involved First Amendment challenges to Missouri law.

5. I am a Martindale-Hubbell AV rated attorney. I am listed in Best Lawyers in America for Commercial Litigation and Government Relations. I have first-chaired more than 20 appeals to the Missouri Supreme Court on various issues related to Missouri government. I regularly litigate and advise clients in the area of campaign finance law.

6. I have practiced law in the state and federal courts of Missouri for over 24 years. This includes practice in the Western District of Missouri and the Eighth Circuit Court of Appeals. I have personal familiarity with the billing rates of attorneys in this legal market who specialize in complex litigation comparable to the litigation in this matter.

7. Part of my job responsibilities as an attorney and partner with Stinson is to supervise work done under my direction, including its quality and the quantity of time expended for any given service. I review numerous billing statements monthly and make judgments on a regular basis regarding hourly rates and reasonable time expended on legal services performed on behalf of clients for whom I am the responsible partner. I am well aware of the amounts of attorney time required to litigate matters similar to this case.

8. I have familiarized myself with the relevant facts, legal issues, and procedural history of this matter. I have reviewed the Declarations for Fees and Costs filed by Mr. Michael Whitehead and Mr. Jonathan Whitehead. I have worked with both attorneys in substantial matters over the past decade. I know of their professional skills and experience in handling similar matters. We have served as co-counsel on the matters involving the Missouri Baptist Convention mentioned by Mr. Michael Whitehead in his declaration.

9. I have reviewed the Declaration of Erik Stanley. I have familiarized myself with the relevant qualifications of Plaintiff's counsel as described in that declaration.

10. Plaintiff's counsel and legal support staff requests the following hourly rates, and recorded the following hours:

| Name | Hours Recorded | Requested Hourly Rate |
|---|---|---|
| Christen Price | 20.90 | $150 |
| Christiana Holcomb | 70.60 | $200 |
| Dave Cortman | 513.99 | $695 |
| Deb Hardin | 134.50 | $100 |
| Erik Stanley | 385.80 | $495 |
| Joel Oster | 97.90 | $450 |
| Jordan Lorence | 40.00 | $550 |
| Kevin Theriot | 14.80 | $550 |
| Rory Gray | 247.80 | $350 |
| Michael Whitehead | 77.1 | $370 |
| Jonathan R. Whitehead | 87.8 | $300 |

3

11. During 2017, when this case was argued before the Supreme Court, my standard billing rate at Stinson was $550 per hour. While I sometimes charged clients a "discounted" rate while at Stinson, I am not aware of any instance when my discounted rate was less than $450 per hour during 2017. At all times since early 2015, my standard billing rate at Stinson has been over $500 per hour. I am aware of other partners in Stinson's Kansas City office who had standard billing rates during 2017 in excess of my $550 hourly rate.

12. The hourly rates Plaintiff's counsel are requesting are lower than my standard rates were during the years 2015 - 2017. In the Eighth Circuit market, experienced counsel with expertise in specialized areas of litigation, can command higher billing rates than Plaintiff's counsel are requesting in this case.

13. In addition, it is my opinion that the total time requested by Plaintiff's counsel for this litigation, which involved appeals to the U.S. Court of Appeals and the U.S. Supreme Court, is reasonable. In addition to the long trial and appellate history before this case appeared before the United States Supreme Court, Plaintiff's Counsel successfully presented matters of great constitutional importance to the Supreme Court, which requires significant amounts of time to research, brief and present effectively.

**Declaration Under Penalty of Perjury**

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 11th day of June 2018,

_____
Charles W. Hatfield